per curiam:
El 9 de octubre de 2006 la Sra. María del C. González Soto presentó una queja contra el Ledo. Norberto Cruz Arias en la que alegó que éste no la había incluido como parte demandante en una reclamación presentada por un grupo de personas, a pesar de haberle entregado $200 y varios documentos. El 16 de noviembre de ese año, la Secretaria del Tribunal Supremo, Leda. Aida I. Oquendo Graulau, cursó una comunicación al licenciado Cruz Arias en la que le notificó la queja presentada en su contra y le concedió un término de diez días para presentar su contestación. Mediante una comunicación enviada el 29 de noviembre de 2006, el licenciado Cruz Arias solicitó una prórroga de veinte días para recopilar la información necesaria para presentar su contestación.
El 5 de diciembre de 2006 se le concedió al licenciado Cruz Arias un término de veinte días para presentar su contestación a la queja de epígrafe. Una vez recibida la contestación requerida, el asunto fue referido a la Oficina del Procurador General para iniciar la investigación correspondiente y presentar su informe.
El Procurador General rindió un informe en el que, entre otras cosas, solicitó a este Tribunal que le requiriera al licenciado Cruz Arias evidencia de la entrega del dinero y de los documentos a la señora González Soto. Además, recomendó que se le apercibiera al licenciado González Soto de que debía tener presente los preceptos establecidos en *578 los Cánones 18, 19 y 20 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.
En atención a lo expresado por el Procurador General, mediante Resolución de 4 de mayo de 2007 concedimos al licenciado Cruz Arias un término de diez días para certificamos la devolución del dinero y de los documentos que entregó la señora González Soto. También fue apercibido de su deber de dar cumplimiento a los Cánones 18,19, 20 y 24 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Vencido el término concedido, la señora González Soto compareció ante nos para informar que el licenciado Cruz Arias no le había enviado el dinero y los documentos entregados.
Así las cosas, el 19 de octubre de 2007 concedimos un término de veinte días al licenciado Cruz Arias para cumplir con lo ordenado en nuestra Resolución anterior. Ésta fue notificada personalmente a través de la Oficina del Alguacil de este Tribunal.
Posteriormente, el licenciado Cruz Arias compareció ante nos para notificar que devolvió los $200 a la señora González Soto. Sin embargo, en dicha ocasión no hizo ex-presión con relación a los documentos que debía entregar. Ante tal situación, la señora González Soto presentó un escrito en el que informó que el licenciado Cruz Arias no envió los documentos. Se le concedió a éste un término de veinte días para expresarse sobre tal alegación.
En esa ocasión el licenciado Cruz Arias compareció para informar que había enviado los documentos requeridos. No obstante, la señora González Soto nos informó que entre los documentos devueltos no se encontraba la copia de una Escritura de Liquidación de Bienes Gananciales que ella había entregado a través de una persona que fungía como contacto entre los demandantes y el licenciado Cruz Arias. Como consecuencia de ello, el 7 de abril de 2008 concedimos al licenciado Cruz Arias un término de veinte días para expresarse sobre lo informado por la quejosa con relación a la mencionada escritura.
*579 Transcurrido dicho término, y ante la incomparecencia del licenciado Cruz Arias, le concedimos un plazo de quince días para informar las gestiones realizadas para dar cumplimiento a nuestra Resolución. Por último, el 17 de abril de 2009 concedimos un término final de veinte días para cumplir con nuestros requerimientos. Dicha Resolución incluyó un apercibimiento de suspensión indefinida de la abogacía y fue notificada personalmente. Pese a ello, al día de hoy el licenciado Cruz Arias no ha atendido nuestros requerimientos.
I
El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá comportarse con el mayor respeto y diligencia hacia los tribunales. La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos relacionados con su conducta profesional. In re Colón Rivera, 170 D.P.R. 440 (2007).
Reiteradamente hemos señalado que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9. In re Maldonado Rivera, 147 D.P.R. 380 (1999). Anteriormente he-mos advertido que procede la suspensión del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. In re Ríos Rodríguez, 172 D.P.R. Ap. (2007); In re Lloréns Sar, 170 D.P.R. 198 (2007).
Todo abogado tiene la ineludible obligación de responder diligentemente a los requerimientos de este Tribunal, independientemente de los méritos de la queja presentada en su contra. In re Rodríguez Bigas, 172 D.P.R. 345 (2007). Debemos enfatizar que desatender nuestros reque *580 rimientos configura una falta independiente de los méritos de la queja presentada. In re Colón Rivera, supra.
Hemos expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, para lograr la más completa confianza y apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas, sino a la jurisdicción disciplinaria de este Tribunal. In re Colón Rivera, supra.
II
En el caso de epígrafe, el licenciado Cruz Arias ha incumplido con nuestros requerimientos. Aunque en nuestra Resolución de 17 de abril de 2009 fue apercibido de que podría imponérsele una suspensión del ejercicio de la abogacía, el licenciado Cruz Arias no ha comparecido. Ello de por sí denota una falta de diligencia y un alto grado de indiferencia ante nuestros apercibimientos de sanciones disciplinarias. Su conducta representa una falta de respeto hacia los tribunales.
Como resultado de lo anterior, se suspende indefinidamente del ejercicio de la abogacía y la notaría al Ledo. Norberto Cruz Arias. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión “per curiam” y Sentencia. Por último, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del Ledo. Norberto Cruz Arias y entregarlos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará la sentencia de conformidad.