per curiam:
Hoy nos encontramos nuevamente en la ne-cesidad de ejercer nuestra facultad disciplinaria contra un miembro de la profesión legal por su incumplimiento craso con los requerimientos de este Tribunal. A pesar de las oportunidades concedidas, nos vemos en la obligación de imponer la más severa de las sanciones por una conducta que es temeraria y constituye un desafío a nuestra juris-dicción disciplinaria.
La Leda. Marlene Aponte Cabrera (licenciada Aponte Cabrera) fue admitida al ejercicio de la abogacía el 19 de enero de 1989. Se han presentado numerosas quejas contra la licenciada Aponte Cabrera, las que procedemos a resumir. Destacamos las Quejas AB-2007-0213, AB-2007-0306, AB-2008-26, AB-2008-0175, AB-2008-0226 y AB-2009-0129, para las cuales la letrada no ha comparecido.
La Queja Núm. AB-2006-166, de 2 de junio de 2006, fue instada por un confinado, el Sr. Carlos J. Burgos Morales. En dicha queja el quejoso alegó que su padre Carlos J. Burgos Cruz había contratado los servicios de la licenciada Aponte Cabrera para que lo representara en el Caso Crim. Núm. 1 VI 2002-G-0039 (por asesinato). A esos efectos, el padre del confinado pagó la suma de diez mil dólares a la licenciada Aponte Cabrera en concepto de gastos y honorarios. Durante su representación legal, la licenciada *3 Aponte Cabrera entrevistó al confinado en dos ocasiones en la institución carcelaria donde se hallaba recluido. Se quejó el confinado que la licenciada Aponte Cabrera nunca le brindó información sobre su caso en dichas entrevistas, limitándose a ofrecerle la misma declaración que él le ha-bía expresado. Dado lo anterior, alegó que le solicitó la re-nuncia a la licenciada Aponte Cabrera y que le devolviera los honorarios pagados. Indicó en la queja que la licenciada Aponte Cabrera nunca respondió a las llamadas efectua-das, quedándose con el dinero.
Presentada la queja el 8 de agosto de 2006, ordenamos a la licenciada Aponte Cabrera que contestara. Ante su in-comparecencia, reiteramos nuestro petitorio el 14 de sep-tiembre de 2006. El 25 de septiembre de 2006 compareció ante este Foro. Planteó que la habían contratado para aus-cultar la posibilidad de instar una moción de nuevo juicio y que los familiares del confinado se habían tardado en con-seguirle el expediente del caso. Sobre el pago efectuado acotó, sin informar la cantidad recibida, que no llegó a los diez mil dólares.
Ante lo anterior, la queja fue referida al Procurador General para la correspondiente investigación e informe. El 20 de jimio de 2007, el Procurador General remitió su in-forme, notificándonos que la licenciada Aponte Cabrera no había sido responsiva a sus requerimientos. Dicho funcio-nario había requerido un desglose detallado de la labor realizada por la licenciada Aponte Cabrera. Mediante una Orden emitida el 3 de julio de 2007, concedimos un término a la licenciada Aponte Cabrera para que compareciera ante el Procurador General. El 26 de septiembre de 2007 com-pareció nuevamente este funcionario, notificando que la li-cenciada Aponte Cabrera no había cumplido con nuestro requerimiento, por lo que no había podido evaluar la queja instada. El 20 de noviembre de 2007, la licenciada Aponte Cabrera compareció y ofreció un estimado del tiempo dedi-cado al caso. El 8 de enero de 2008, el Procurador General *4 emitió su informe. Apuntó que el confinado presentó evi-dencia del pago de los diez mil dólares mediante un depó-sito a la cuenta bancaria de la licenciada Aponte Cabrera. A su vez, señaló que ante lo alegado por la licenciada Aponte Cabrera sobre el trabajo realizado, la suma co-brada había sido excesiva, a razón de ciento noventa y dos dólares por hora. Surge del informe, también, que el confi-nado peticionó la renuncia de la licenciada Aponte Cabrera sin resultado alguno.
La licenciada Aponte Cabrera remitió sus objeciones al Informe del Procurador General. Reiteró que, a su mejor recuerdo, la suma pagada había sido de siete mil dólares. En cuanto a su gestión profesional, acotó que no había en-contrado nueva prueba a fin de hacer el petitorio de nuevo juicio al Tribunal de Primera Instancia.
En la tramitación de esta queja, y ante su incompare-cencia, ofreció numerosas excusas, a saber, que la primera correspondencia no había sido contestada, ya que su correo se divide en dos, correo regular y correo certificado, y que por un error humano no se había verificado el lado donde se almacenaba la correspondencia certificada. Otras de las excusas ofrecidas fue que sufrió una intoxicación con ácido úrico que la llevó a estar en silla de ruedas.
Las direcciones a las que se le remitieron los documen-tos relativos a esta queja fueron: 271 Sierra Morena MSC 128, Las Cumbres, San Juan, Puerto Rico, 00926 (14 de septiembre de 2006), y 803 Ave. San Patricio, Urb. Las Lo-mas, San Juan, Puerto Rico, 00921 (13 de mayo de 2008).
En la Queja AB-2006-312, instada por la Sra. Alejandra Martínez, la quejosa alegó que había contratado los servi-cios de la licenciada Aponte Cabrera para que la represen-tara en un caso contra el Departamento de Educación. A tales efectos, la quejosa pagó la suma de quinientos dólares a la licenciada Aponte Cabrera en concepto de adelanto. Planteó que, luego de contratado los servicios, no volvió a saber de la licenciada Aponte Cabrera hasta transcurridos *5 once meses. En dicha ocasión la quejosa discutió con la licenciada Aponte Cabrera la demanda que sería incoada. Al momento de la presentación de la queja no había reci-bido copia de la demanda ni la licenciada Aponte Cabrera se había comunicado con ella, a pesar de que la quejosa le remitió varias cartas a la letrada. Peticionó la devolución del dinero dado como adelanto.
Presentada la queja el 16 de noviembre de 2006, le or-denamos a la licenciada Aponte Cabrera que contestara. El 13 de febrero de 2007 la licenciada Aponte Cabrera, me-diante una Moción, expresó que una queja igual había sido incoada ante el Tribunal de Distrito Federal para el Dis-trito de Puerto Rico, por lo que acompañó copia de su con-testación para nuestra consideración. Del documento se deduce que había recibido la cantidad señalada, así como que durante unos meses de verano estuvo enferma por la intoxicación con ácido úrico y, después, por un accidente de tránsito. Argumentó que se reunió con la quejosa, que se hicieron los cambios al borrador de la demanda y que ésta quedó en remitirle un giro postal para los gastos de pre-sentación de la demanda, el cual nunca fue recibido.
Ante lo anterior, la queja fue referida al Procurador General para la investigación y el informe correspondientes. El Procurador General solicitó una prórroga, la cual concedimos. Al momento, el Procurador General no ha re-mitido su informe.
La dirección a la que se le remitió los documentos rela-tivos a esta queja fue: 271 Sierra Morena MSC 128, Las Cumbres, San Juan, Puerto Rico, 00926 (13 de febrero de 2007). También, se le remitieron a otra dirección (24 de julio de 2008), la cual por seguridad, conforme detallamos adelante, no proveeremos.
La Queja AB-2007-213 fue presentada contra la licen-ciada Aponte Cabrera por un confinado, Sr. Josúe Ortiz Colón. En ésta el quejoso alegó que supo de la licenciada Aponte Cabrera por la televisión y que gestionó una entre- *6 vista con ella. El 31 de diciembre de 2003, conforme acotó, la licenciada Aponte Cabrera le expresó que suscribiría un contrato con sus padres. Los honorarios a ser cobrados in-cluirían la contratación de un investigador privado. Plan-teó que, posteriormente, el investigador les facturó a sus padres, quienes no pagaron. Ante lo anterior, alegó que le solicitó la renuncia a la licenciada Aponte Cabrera y que le devolviera los honorarios pagados. Indicó en la queja que la licenciada Aponte Cabrera nunca le devolvió las llama-das efectuadas ni le devolvió el dinero.
Presentada la queja el 8 de agosto de 2007, le ordena-mos a la licenciada Aponte Cabrera que contestara. Esta correspondencia fue devuelta a este Foro. El 20 de sep-tiembre de 2007 reiteramos nuestro petitorio. El 28 de sep-tiembre de 2007 compareció ante nos mediante un escrito, notificando el cambio de dirección por ciertas amenazas recibidas.
El 9 de octubre de 2007 remitimos nuestra Orden a la nueva dirección. El 20 de febrero de 2008, mediante una Resolución al efecto, concedimos diez días a la licenciada Aponte Cabrera para que compareciera. Allí le apercibimos de las posibles sanciones que podríamos tomar ante su incomparecencia.
El 4 de abril de 2008 la licenciada Aponte Cabrera compareció. Planteó que la queja instada era frívola, que se le contrató para evaluar la posibilidad de presentar en el caso criminal del confinado una moción de nuevo juicio. Evaluado el caso, señaló que no pudo encontrar prueba que sustentara la moción. No obstante, presentó un recurso de revisión de una determinación de la Administración de Co-rrección, que fue desestimada. Cabe apuntar que la direc-ción que obra en el documento es la de la Urb. Lomas Verdes.
Dado lo anterior, la queja fue referida al Procurador General para la investigación y el informe correspondientes. *7 El 9 de junio de 2008, el Procurador General solicitó un término para rendir su informe. El 20 de agosto de 2008, el Procurador General remitió un Escrito Informativo, seña-lando que había tratado de comunicarse con la licenciada Aponte Cabrera sin éxito. Dicha comunicación fue remitida a ambas direcciones por correo regular y correo certificado. A esa fecha, la licenciada Aponte Cabrera no había respondido. Mediante una Orden de 9 de septiembre de 2008, concedimos un término a la licenciada Aponte Cabrera para que compareciera ante el Procurador General. El 17 de diciembre de 2008, el Procurador General informó que no había recibido una comunicación de la licenciada Aponte Cabrera.
La dirección a la que se le remitieron los documentos relativos a esta queja fue: 803 Ave. San Patricio, Urb. Las Lomas, San Juan, Puerto Rico, 00921 (8 de agosto de 2007 —devuelta por el Correo unclaimed— y 20 de septiembre de 2007). El 28 de septiembre de 2007 compareció notifi-cando la dirección de la Urb. Las Lomas. Posteriormente, compareció el 4 de abril de 2008 ofreciendo la nueva direc-ción confidencial. Obra en el expediente que el Procurador General remitió una comunicación a esta última dirección.
En la Queja AB-2007-248, la Sra. Asberly Morales Ra-mírez alegó que la licenciada Aponte Cabrera no la orientó adecuadamente y no compareció a los señalamientos ante el Tribunal de Primera Instancia. Del escrito se deduce que pidió el expediente y que la licenciada Aponte Cabrera no se lo había entregado ni había renunciado a la representa-ción legal que ostentaba. Surge del expediente que, notifi-cada la queja, la quejosa presentó una Moción Solicitando Desistimiento, porque deseaba que la licenciada Aponte Cabrera continuara representándola.
En esta etapa, cabe apuntar que nos llama la atención que el primer escrito de la quejosa fue a manuscrito, mien-tras que la solicitud de desistimiento fue preparado en *8 computadora, siguiendo el mismo formato de todos los es-critos que obran en el voluminoso expediente de la licen-ciada Aponte Cabrera.
Posteriormente, archivamos la queja incoada. No obs-tante, el 5 de marzo de 2008 la quejosa solicitó que reabrié-ramos el caso, ya que la licenciada Aponte Cabrera no le había entregado su expediente ni había renunciado al caso. No surge del expediente que la licenciada Aponte Cabrera tuviera conocimiento de esta nueva misiva.
La dirección a la que se remitió la documentación de esta queja fue: 803 Ave. San Patricio, Urb. Las Lomas, San Juan, Puerto Rico, 00921 (20 de noviembre de 2007).
La Queja Núm. AB-2007-292 de 19 de septiembre de 2007, fue instada por la Sra. Carmen I. Medina Rosa. En esta queja la quejosa alegó que había contratado los servi-cios de la licenciada Aponte Cabrera para que representara a un confinado. A tales efectos, adelantó la suma de dos-cientos cincuenta dólares a la licenciada Aponte Cabrera en concepto de gastos y honorarios. Al momento de instar la queja, no había tenido conocimiento alguno del caso ni la licenciada Aponte Cabrera le contestaba las llamadas telefónicas. Ante lo anterior, solicitó que se le devolviera el expediente.
Presentada la queja el 22 de octubre de 2007, ordena-mos a la licenciada Aponte Cabrera que contestara. Ante su incomparecencia, el 23 de enero de 2008 reiteramos nuestro petitorio para que respondiera en un término de diez días. Transcurrido el término concedido, compareció ante este Foro el 4 de abril de 2008. Planteó que la quejosa sólo había acudido en una ocasión a su oficina para dejar el depósito y que no había tenido más comunicación con ella hasta la presentación de la queja tres (3) años más tarde. Acotó que devolvería el depósito y solicitó un término de treinta días para ubicar el expediente.
El 6 de octubre de 2008 esta queja fue referida al Pro-curador General para la investigación y el informe *9 correspondientes. El 5 de febrero de 2010 el Procurador General remitió su informe, notificándonos que la licen-ciada Aponte Cabrera no había comparecido ante él.
La dirección a la que se remitió la documentación de esta queja fue: 803 Ave. San Patricio, Urb. Las Lomas, San Juan, Puerto Rico, 00921 (22 de octubre de 2007 y 23 de enero de 2008). Al contestar, la licenciada Aponte Cabrera utilizó la dirección confidencial (la contestación se remitió casi cinco meses después de nuestro requerimiento).
La Queja AB-2007-306 fue presentada por el Sr. Luis A. Rodríguez Carmona el 10 de septiembre de 2007. El que-joso alegó que le entregó a la licenciada Aponte Cabrera la suma de diez mil dólares para que “cooperaría] en la ape-lación de su sentencia”. Expresó que su abogado le señaló que la licenciada Aponte Cabrera nunca se unió al caso. Surge del expediente del caso que la licenciada Aponte Cabrera sometió ante el Tribunal de Primera Instancia dos mociones informativas, a saber, la primera para asumir la representación legal del quejoso y la segunda para infor-mar que se habían recibido las copias de la regrabación del juicio. Aunque los familiares del confinado y éste le habían reclamado el dinero, dichas gestiones fueron infructuosas.
El 23 de enero de 2008 ordenamos a la licenciada Aponte Cabrera que contestara las alegaciones del quejoso. Debido a que la correspondencia fue devuelta, cursamos una segunda comunicación. Mediante Resolución de 30 de abril de 2008, notificada personalmente el 13 de mayo de 2008, concedimos un término de diez días para que contes-tara la queja incoada. La licenciada Aponte Cabrera com-pareció el 27 de mayo de 2008 y alegó problemas con el recibo de su correspondencia. Solicitó un término de treinta días para replicar a la queja, el cual fue concedido. Posteriormente, se le concedió un término de diez días para contestar la queja enmendada.
Así las cosas, el 12 de diciembre de 2008 emitimos una Resolución, concediéndole un término final de cinco días *10 para que cumpliera con lo ordenado. Aunque esta Resolu-ción fue diligenciada por un Alguacil a las dos direcciones del expediente (a saber, la confidencial y la de la urbaniza-ción Las Lomas), su diligenciamiento fue infructuoso por no encontrarse a la licenciada Aponte Cabrera (10 de diciembre de 2008). Su madre informó que al momento no sabía de su paradero. En esta etapa es menester indicar que la licenciada Aponte Cabrera tenía conocimiento de la queja incoada y que, como explicaremos más adelante, com-pareció ante este Foro por otra queja el 10 de diciembre de 2009.
La Queja Núm. AB-2008-0175 de 20 de junio de 2008 fue presentada por dos confinados, el Sr. Cruz Robles Cal-derón y el Sr. Lorenzo Reyes Parrilla. En esta queja los quejosos alegaron que habían contratado los servicios de la licenciada Aponte Cabrera para que los representara. Ar-gumentaron que la licenciada Aponte Cabrera los había ido a visitar a la institución carcelaria y que, a tales efectos, la esposa del confinado Cruz Robles Calderón entregó la suma de cuatro mil dólares a la licenciada Aponte Cabrera en concepto de gastos y honorarios. Posteriormente, con-forme alegó el quejoso, su esposa le entregó, entre otras, la suma de mil dólares y mil setecientos dólares, en concepto de honorarios. Acotó el quejoso que luego la licenciada Aponte Cabrera visitó en tres ocasiones la residencia de su esposa solicitando la entrega de mil quinientos dólares adi-cionales, de mil dólares y de mil dólares, respectivamente. Más adelante, la licenciada Aponte Cabrera requirió la suma adicional de dos mil quinientos dólares. El quejoso acompañó los recibos correspondientes, excepto el de una de las cantidades otorgadas.
En la querella incoada, el confinado atestó que la licen-ciada Aponte Cabrera sólo lo visitó en dos ocasiones y que el único trámite efectuado fue la presentación de una Mo-ción Bajo la Regla 192.1. Plantea el quejoso que había acor-dado con la licenciada Aponte Cabrera que ésta presenta- *11 ría una apelación ante el Tribunal Supremo de Estados Unidos, pero sólo instó la aludida moción. Argüyó que des-conoce lo ocurrido con su petición.
En cuanto al Sr. Lorenzo Reyes Parrilla, éste señaló que aunque no suscribió un contrato escrito con la licenciada Aponte Cabrera, le pagó la suma de tres mil quinientos dólares como abono a los servicios profesionales. Ambos confinados pidieron que la licenciada Aponte Cabrera les devolviera las cantidades ofrecidas por sus servicios.
Presentada la queja el 19 de agosto de 2008, le ordena-mos a la licenciada Aponte Cabrera que emitiera su contestación. Ante su incomparecencia, el 11 de septiembre de 2008 reiteramos nuestra petición para que compareciera en un término de cinco días. Transcurrido el término conce-dido, recibimos unas misivas de los quejosos el 29 de sep-tiembre de 2008, en las que señalaron que la licenciada Aponte Cabrera no había contestado nuestro requerimiento.
Así las cosas, el 10 de diciembre de 2008 emitimos una resolución, concediéndole un término final de cinco días para que compareciera. Allí apercibimos a la licenciada Aponte Cabrera que su incumplimiento podría conllevar sanciones disciplinarias, incluso la suspensión del ejercicio de la profesión. Ordenamos la notificación personal de la Resolución, mas esta gestión fue infructuosa. El alguacil informó que su oficina estaba cerrada, que estaba ocupada por una compañía de seguros y que la madre de la licen-ciada Aponte Cabrera le había informado que su hija es-taba enferma, aislándose de las personas a su alrededor.
Se le remitió la documentación de esta queja a la direc-ción confidencial. De igual manera, el diligenciamiento ne-gativo por los alguaciles fue a esta dirección.
Por su parte, en la Queja Núm. AB-2008-026 surge del Informe del Procurador General que el 2 de noviembre de 2007 compareció a la oficina de este funcionario la Sra. Magdalena Pomales para incoar una queja contra la licen-ciada Aponte Cabrera. Alegó la quejosa que para finales *12 del 2003 había contratado los servicios profesionales de la abogada para que la representara en una reclamación civil ante el Tribunal de Distrito Federal para el Distrito de Puerto Rico contra Celulares Telefónica, Inc. A tales efec-tos, realizó pagos parciales por la suma de siete mil dólares. Apuntó que el recurso instado ante el foro federal local fue desestimado, así como una apelación presentada ante la Corte del Primer Circuito de Boston. La razón de las desestimaciones fue la alegada falta de diligencia de la licenciada Aponte Cabrera. Acotó que, previo a que se des-estimara el caso, llamó y remitió mensajes a la letrada que ésta no respondió.
Informó, además, la quejosa que la licenciada Aponte Cabrera había asumido su representación legal en torno a una investigación federal que Medicare había iniciado a su patrono. En dicho caso, la licenciada Aponte Cabrera reco-mendó a la quejosa que se declarara culpable, por lo que fue finalmente convicta. Posteriormente, no tuvo comuni-cación con la letrada, por lo que contrató una nueva repre-sentación legal, a través de quien pudo obtener la alegada evidencia con que contaba la Fiscalía federal, evidencia que nunca fue gestionada por la licenciada Aponte Cabrera. Al evaluar dicha evidencia se percató que era la que ella había proporcionado como parte de un proceso de cooperación. Alegó que no procedió a retirar su alegación de culpabilidad ante la realidad de que había aceptado una responsabilidad de la cual, conforme su parecer, no era responsable.
En conclusión, la quejosa señaló que la licenciada Aponte Cabrera había sido negligente en la tramitación de sus causas.
Por lo anterior, el 30 de noviembre de 2007 el Procura-dor General remitió una comunicación a la licenciada Aponte Cabrera para que contestara. La carta no fue recla-mada por la letrada. Posteriormente, el 27 de noviembre de 2007 el Procurador General envió una segunda *13 comunicación. Transcurrido el término concedido, la abo-gada no había comparecido. A tales efectos, el Procurador General solicitó que tomáramos conocimiento de lo informado.
Examinado el Informe del Procurador General emitimos una Resolución el 26 de marzo de 2008, en la que le conce-dimos a la querellada un término de diez días para que compareciera. Allí apercibimos a la licenciada Aponte Cabrera que su incumplimiento podría conllevar sanciones disciplinarias, incluso la suspensión del ejercicio de la profesión. Ordenamos la notificación personal de esa Resolución. Esta gestión fue infructuosa. Del expediente surge una Moción Informativa del Procurador General en la que señaló que nuestro requerimiento no ha sido contestado.
Se remitió la documentación de esta queja a la dirección confidencial de la licenciada Aponte Cabrera. De igual ma-nera, el diligenciamiento negativo de los Alguaciles fue a esta dirección.
En la Queja AB-2008-0226, el Procurador General in-forma que su oficina ha notificado a la licenciada Aponte Cabrera en tres ocasiones diferentes la presentación de la Queja 08-060 a todas las direcciones que aparecen en el Registro de Abogados que mantiene activa la Secretaría de nuestro Tribunal, así como la del Colegio de Abogados, sin resultado alguno. A su vez, y a pesar de haberlo intentado, no se ha podido comunicar con la licenciada Aponte Cabrera por vía telefónica. Nos solicitó que tomáramos cono-cimiento de la información.
El 29 de septiembre de 2008, emitimos una Resolución en la que concedimos a la querellada un término de diez días para que compareciera. Allí apercibimos a la licen-ciada Aponte Cabrera que su incumplimiento podría con-llevar sanciones disciplinarias, incluso la suspensión al ejercicio de la profesión. Ordenamos la notificación personal de la Resolución. Esta gestión fue infructuosa. El Al- *14 guacil informó que su oficina estaba cerrada y que la ma-dre de la licenciada Aponte Cabrera le había informado, nuevamente, que su hija estaba enferma, aislándose de las personas a su alrededor. Posteriormente, el 7 de abril de 2009, la Procuradora General solicitó que ordenáramos a la licenciada Aponte Cabrera que compareciera y contes-tara sus requerimientos. Se remitió la documentación de esta queja a la dirección confidencial de la querellada. De igual manera, el diligenciamiento negativo de los Alguaci-les fue a esta dirección y a la de la urbanización Las Lomas.
La génesis de la Queja AB-2009-0129 fue una Petición de Orden de Protección sobre Ley Contra el Acecho en Puerto Rico, instada por la Sra. Gladys E. López Rivera contra la licenciada Aponte Cabrera. A tales efectos, la Sala de Investigaciones del Tribunal de Primera Instancia, Sala de Río Grande, emitió una Orden de Citación dirigida a la licenciada Aponte Cabrera. No pudo diligenciarse esa orden.
Dado lo anterior la Sra. Gladys E. López Rivera instó una queja ante este Foro. Presentada la queja el 4 de junio de 2009, ordenamos a la licenciada Aponte Cabrera que contestara. Ante su incomparecencia, el 3 de julio de 2009 reiteramos nuestra orden para que compareciera en un término de diez días. Transcurrido el término concedido, la licenciada Aponte Cabrera no había contestado nuestro requerimiento.
Se remitió la documentación original a la dirección confidencial. Posteriormente, se envió una segunda notificación. Las cartas fueron devueltas.
La Queja AB-2009-0232 fue instada por el Sr. José M. Santiago Vega el 10 de septiembre de 2009. Este acotó que la licenciada Aponte Cabrera representa a su ex esposa en un pleito de revisión de pensión alimentaria presentado a mediados de 2007. Alegó que la letrada ha intimidado a sus hijos señalándoles que ella es experta en “meter presos a *15 los hombres, en casos como [é]stos”. Alega que la interac-ción de la letrada con sus hijos ha llegado al extremo de visitarlos, salir con ellos, pernoctar con ellos y hasta los tiene como amigos en la red social Facebook, de lo cual nos suministró copia. Asimismo, señaló que la licenciada Aponte Cabrera asumió la representación de Construction Engineering en un caso contra sus socios, en una empresa de la cual es contralor, para buscar información sobre sus finanzas personales.
Por lo anterior, remitimos una comunicación a la licen-ciada Aponte Cabrera para que compareciera a este Foro y contestara la queja. El 10 de noviembre de 2009 la letrada compareció. Adujo que la queja era frívola, dirigida a amedrentarla. A su vez, alegó que el asunto había sido traído a la atención de la honorable Enid Martínez Moya, quien entendió que no existía conflicto alguno. La dirección que obra en las contestaciones de la licenciada Aponte Cabrera es la confidencial (10 de diciembre de 2009).
Por último, debemos mencionar la Queja AB-2004-045, instada el 23 de febrero de 2004 por la Leda. Irma A. Ro-dríguez, del Departamento de Educación, contra el Ledo. Miguel A. Díaz Seijo. En apretada síntesis, la licenciada Rodríguez alegó en la queja incoada que el licenciado Díaz Seijo, empleado del Departamento de Educación, reco-mendó a la licenciada Aponte Cabrera como Jueza Admi-nistrativa del Departamento de Educación sin mencionar que la licenciada Aponte Cabrera era su abogada en ese momento. A tales efectos, se canceló el contrato suscrito entre la agencia y la licenciada Aponte Cabrera. Por su parte, esta última renunció al caso del licenciado Díaz Seijo.
Posteriormente, la queja fue referida al Procurador General. Luego de numerosos trámites procesales, el Pro-curador General pidió ampliar la investigación requerida para incluir a la Leda. Jocelyn Carrasquillo Rivera y a la licenciada Aponte Cabrera. El 10 de noviembre de 2005 *16 autorizamos esa solicitud. El 28 de noviembre de 2005, la licenciada Aponte Cabrera solicitó la entrega de los docu-mentos relacionados con la queja incoada. El 18 de julio de 2007 contestó la queja. La licenciada Aponte Cabrera alegó que se había tardado en contestar dado una situación de enfermedad personal. En específico, planteó que “se encon-traba recuperándose de una condición muy seria de salud, que en varios momentos durante el pasado año nos ha pos-trado en cama, en una silla de rueda, nos ha obligado a cesar funciones por un tiempo significativo, y nos costó un sinnúmero de contratiempos personales y profesionales”. En esta etapa, la queja se encuentra ante la Procuradora General para su correspondiente informe.
I
El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abo-gado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. In re García Incera, 177 D.P.R. 329 (2010); In re Colón Rivera, 165 D.P.R. 148 (2005). Reiteradamente hemos señalado que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el refe-rido Canon 9. In re García Incera, supra; In re Maldonado Rivera, 147 D.P.R. 380 (1999). A su vez, hemos advertido que procede la suspensión del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros re-querimientos y se muestra indiferente ante nuestros aper-cibimientos de imponerle sanciones disciplinarias. In re García Incera, supra; In re Ríos Rodríguez, 172 D.P.R. Ap. (2007); In re Lloréns Sar, 170 D.P.R. 198 (2007). Todo abo- *17 gado tiene la obligación ineludible de responder diligente-mente a los requerimientos de este Tribunal, independien-temente de los méritos de la queja presentada en su contra. In re García lucera, supra; In re Rodríguez Bigas, 172 D.P.R. 345 (2007).
Hemos expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y el más completo apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas, sino a la jurisdicción disciplinaria de este Tribunal. In re García lucera, supra.
La licenciada Aponte Cabrera ha incumplido con nues-tros requerimientos en innumerables ocasiones. Ha sido selectiva al contestar las quejas y en cuanto a cuándo contestar. Aun cuando se dilucidaban dos quejas a la vez, el expediente revela que contestó una, omitiendo así hacerlo en la otra. No podemos dejar al arbitrio de un abogado cumplir o no las órdenes de este Tribunal. No podemos avalar esa actuación.
A su vez, y a pesar que se le concedieron prórrogas para presentar su contestación a varias de las quejas y que se trató de notificarle las distintas Resoluciones emitidas por este Tribunal, apercibiéndola de que podrían imponérsele sanciones disciplinarias severas, incluso la suspensión del ejercicio de la profesión, la licenciada Aponte Cabrera ha hecho caso omiso.
Un análisis del voluminoso expediente de la licenciada Aponte Cabrera refleja de manera meridiana que la con-ducta de la licenciada Aponte Cabrera es temeraria y cons-tituye un desafío a nuestra jurisdicción disciplinaria. Todo lo relatado denota una falta de diligencia crasa y un alto grado de indiferencia ante nuestros apercibimientos de sanciones disciplinarias. La conducta de la licenciada Aponte Cabrera representa una falta de respeto hacia los tribunales.
*18 II
Por los fundamentos expuestos, se suspende indefinida-mente del ejercicio de la abogacía a la Leda. Marlene Aponte Cabrera. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representán-dolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Ade-más, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión per curiam y sentencia.

Se dictará Sentencia de conformidad.