*In re* LUIS F. MALDONADO RIVERA, querellado.

*Números:* AB-98-91  AB-98-130  RT-98-3549

*Resueltos:* 22 de enero de 1999

*Lcda. Carmen H. Carlos Cabrera, Directora de la Oficina de Inspección de Notarás*, en informe.

PER CURIAM:

I

El 12 de junio de 1998 la Directora de la Oficina de Inspección de Notarías, Lcda. Carmen H. Carlos Cabrera, nos comunicó que el notario Luis F. Maldonado Rivera autorizó unos testamentos abiertos mediante las Escrituras Núms. 1 y 2 de 29 de agosto de 1996 y envió su notificación tardíamente el 3 de septiembre de 1996. También nos se-

ñaló que Maldonado Rivera no había contestado sus requerimientos con respecto al cumplimiento de la Regla 13(C) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A, sobre notificaciones tardías.

El 29 de junio le concedimos al notario Maldonado Rivera veinte (20) días para que cumpliera con tales requerimientos y mostrara causa por la cual no debíamos sancionarlo.

Maldonado Rivera hizo caso omiso a nuestra resolución. El 30 de octubre le concedimos una segunda oportunidad mediante el término final e improrrogable de diez (10) días para cumplir. Fue apercibido que de incumplir sería suspendido del ejercicio de la abogacía y la notaría. Fue notificado personalmente el 1ro de diciembre.

Al día de hoy, vencido el término para contestar, Maldonado Rivera inexplicablemente no ha comparecido. Igual conducta ha observado con relación a otra resolución que emitiéramos el 24 de diciembre en el Caso Núm. AB-98-130, relacionada con una queja juramentada presentada ante la Comisión de Ética Profesional del Colegio de Abogados de Puerto Rico por el Sr. Benjamín García García. Notificada también personalmente el 4 de enero de 1999, le concedimos diez (10) días, siendo apercibido de que su incumplimiento conllevaría la suspensión de la profesión. En relación con el Caso Núm. AB-98-91, el 25 de noviembre le ordenamos al licenciado Maldonado Rivera que remitiera una comunicación suya a la Oficina del Procurador General y a la quejosa Sra. María L. Rodríguez Reyes. El 21 de enero de 1999 la Oficina del Procurador General nos informó que no ha recibido copia alguna de la comunicación. El licenciado Maldonado Rivera, nuevamente, desatiende nuestras directrices.

## II

■ El Canon IX del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, impone a los miembros de la clase togada la obligación de observar con los tribunales una conducta respetuosa. Reiteramos que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales y viola directamente el principio deontológico antes referido. Véanse: *In re Otero Fernández*, 145 D.P.R. 582 (1998); *In re Claudio Ortiz*, 141 D.P.R. 937 (1996); *In re Colón Torres*, 129 D.P.R. 490 (1991); *In re Díaz García*, 104 D.P.R. 171 (1975).

■ La abogacía y notaría no pueden practicarse superficialmente. Exigen una meticulosa atención, diligencia estricta y, claro está, acatamiento a las órdenes de este Tribunal, especialmente cuando se trata de procedimientos sobre su conducta profesional. " 'Todos los abogados tienen el deber de responder diligentemente a los requerimientos de este Tribunal, respecto a una queja presentada en su contra que está siendo investigada.' " *In re Claudio Ortiz*, supra, pág. 941. Véanse: *In re Pagán Ayala*, 130 D.P.R. 678, 681 (1992); *In re Bonaparte Rosaly*, 130 D.P.R. 199, 201 (1992); *In re Colón Torres*, supra; *In re Pagán Ayala*, 115 D.P.R. 814 (1984).

La inexplicable desatención del licenciado Maldonado Rivera a los requerimientos de la Oficina de Inspección de Notarías y a este Tribunal no nos dejan otra alternativa que decretar su suspensión indefinida del ejercicio de la abogacía y la notaría hasta tanto acredite su disposición de cumplir rigurosamente con nuestras órdenes y este Tribunal disponga lo que proceda en derecho.

*Se dictará la correspondiente sentencia.*

El Juez Presidente Señor Andréu García no intervino.