EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Mario J. García Incera | 2010 TSPR 12 <br><br> 178 DPR _____ |

Número del Caso: AB-2008-283

Fecha: 21 de octubre de 2009

Abogado de la Parte Peticionaria:

        Por derecho propio

Materia: Conducta Profesional
(La suspensión será efectiva una vez advenga final y firme la Sentencia conforme a la Regla 45 del Reglamento del Tribunal Supremo sobre reconsideración).

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

                                    AB-2008-283

Mario J. García Incera


                        PER CURIAM

San Juan, Puerto Rico a 21 de octubre de 2009.

        Nuevamente nos encontramos en la necesidad de
ejercer nuestra facultad disciplinaria contra un
miembro de la profesión legal por su incumplimiento
con los requerimientos de este Tribunal. A pesar de
las oportunidades concedidas, nos vemos en la
obligación de imponer la más severa de las sanciones
por una conducta que pudo haberse evitado.

                            I

        El Lcdo. Mario J. García Incera fue admitido al
ejercicio de la abogacía el 25 de enero de 1999 y
prestó juramento como notario el 4 de marzo de 1999.

        El 14 de octubre de 2008 el Sr. Sandy Valentín
Vélez y su esposa, la Sra. Maribel López González,

presentaron una queja contra el licenciado García Incera, quien aceptó la representación legal de ambos en una demanda sobre daños y perjuicios presentada en el Tribunal de Distrito Federal para el Distrito de Puerto Rico. Dicha demanda fue posteriormente desestimada sin que tal hecho fuese informado a sus clientes.

El 27 de octubre de ese año, la Secretaria del Tribunal Supremo, Lcda. Aida I. Oquendo Graulau, cursó una comunicación al licenciado García Incera en la que le notificó la queja presentada en su contra y le concedió un término de diez (10) días para presentar su contestación. Mediante comunicación de 3 de diciembre de 2008, el licenciado García Incera solicitó una prórroga de sesenta (60) días para examinar el expediente del caso en el Tribunal de Distrito Federal.

El 6 de febrero de 2009 se le concedió al licenciado García Incera un término improrrogable de cinco (5) días para presentar su contestación a la queja de epígrafe. Ante la incomparecencia del licenciado García Incera, el 27 de mayo de 2009 se le concedió un término de diez (10) días para presentar su contestación. Además, se le apercibió que su incumplimiento con esta Resolución podría conllevar sanciones disciplinarias severas, incluyendo la suspensión al ejercicio de la abogacía.[1] Al día de hoy el licenciado García Incera no ha atendido nuestros requerimientos.

---

[1] Ésta fue notificada personalmente a través de la Oficina del Alguacil de este Tribunal.

II

El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. In re: Colón Rivera, res. el 6 de marzo de 2007, 2007 T.S.P.R. 59.

Reiteradamente hemos señalado que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9. In re: Maldonado Rivera, 147 D.P.R. 380 (1999). Anteriormente hemos advertido que procede la suspensión del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. In re: Ríos Rodríguez, res. el 27 de septiembre de 2007, 2007 T.S.P.R. 176; In re: Lloréns Sar, res. el 5 de febrero de 2007, 2007 T.S.P.R. 31.

Todo abogado tiene la ineludible obligación de responder diligentemente a los requerimientos de este Tribunal, independientemente de los méritos de la queja presentada en su contra. In re: Rodríguez Bigas, res. el 25 de octubre de 2007, 2007 T.S.P.R. 202. Debemos enfatizar que desatender nuestros requerimientos configura una falta independiente de los méritos de la queja presentada. In re: Colón Rivera, supra.

Hemos expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas, sino a la jurisdicción disciplinaria de este Tribunal. In re: Colón Rivera, *supra*.

### III

En el caso de epígrafe, el licenciado García Incera ha incumplido con nuestros requerimientos. A pesar que se le concedieron prórrogas para presentar su contestación a la queja presentada por el señor Valentín Vélez y su esposa, el licenciado García Incera no atendió las órdenes de este Tribunal. Aunque en nuestra Resolución fue apercibido de que podrían imponérsele sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión, el licenciado García Incera no ha comparecido. Ello de por sí denota una falta de diligencia y un alto grado de indiferencia ante nuestros apercibimientos de sanciones disciplinarias. Su conducta representa una falta de respeto hacia los tribunales.

En vista de lo anterior, se suspende indefinidamente del ejercicio de la abogacía y la notaría al Lcdo. Mario J. García Incera.

Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los

foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal, el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y sello notarial del Lcdo. Mario J. García Incera y entregarlos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará la Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

AB-2008-283

Mario J. García Incera

SENTENCIA

San Juan, Puerto Rico a 21 de octubre de 2009.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende indefinidamente del ejercicio de la abogacía y la notaría al Lcdo. Mario J. García Incera.

Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y sello notarial del Lcdo. Mario J. García Incera y entregarlos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo Interina.

Juliana Mosquera Soler
Secretaria del Tribunal Supremo Interina