per curiam:
Nuevamente nos encontramos en la necesidad de ejercer nuestra facultad disciplinaria contra un *330 miembro de la profesión legal por su incumplimiento con los requerimientos de este Tribunal. A pesar de las oportunidades concedidas, nos vemos en la obligación de imponer la más severa de las sanciones por una conducta que pudo haberse evitado.
I
El Ledo. Mario J. García Incera fue admitido al ejercicio de la abogacía el 25 de enero de 1999 y prestó juramento como notario el 4 de marzo de 1999.
El 14 de octubre de 2008 el Sr. Sandy Valentín Vélez y su esposa, la Sra. Maribel López González, presentaron una queja contra el licenciado García Incera, quien aceptó la representación legal de ambos en una demanda sobre daños y peijuicios presentada en el Tribunal de Distrito Federal para el Distrito de Puerto Rico. Dicha demanda fue posteriormente desestimada sin que tal hecho fuese informado a sus clientes.
El 27 de octubre de ese año la Secretaria del Tribunal Supremo, Leda. Aida I. Oquendo Graulau, cursó una comunicación al licenciado García Incera en la que le notificó la queja en su contra y le concedió diez días para presentar su contestación. Mediante comunicación de 3 de diciembre de 2008, el licenciado García Incera solicitó una prórroga de sesenta días para examinar el expediente del caso en el Tribunal de Distrito Federal.
El 6 de febrero de 2009 se le concedió al licenciado García Incera un término improrrogable de cinco días para presentar su contestación a la queja de epígrafe. Ante la incomparecencia del licenciado García Incera, el 27 de mayo de 2009 se le concedió un término de diez días para presentar su contestación. Además, se le apercibió que su incumplimiento con esta resolución podría conllevar sanciones disciplinarias severas, incluyendo la suspensión al *331 ejercicio de la abogacía.(1) Hoy el licenciado García Incera no ha atendido nuestros requerimientos.
II
El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. In re Colón Rivera, 170 D.P.R. 440 (2007).
Reiteradamente hemos señalado que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9, supra. In re Maldonado Rivera, 147 D.P.R. 380 (1999). Anteriormente hemos advertido que procede la suspensión del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. In re Ríos Rodríguez, 172 D.P.R. Ap. (2007); In re Lloréns Sar, 170 D.P.R. 198 (2007).
Todo abogado tiene la ineludible obligación de responder diligentemente a los requerimientos de este Tribunal, independientemente de los méritos de la queja presentada en su contra. In re Rodríguez Bigas, 172 D.P.R. 345 (2007). Debemos enfatizar que desatender nuestros requerimientos configura una falta independiente de los méritos de la queja presentada. In re Colón Rivera, supra.
Hemos expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro *332 y eficaz, con el propósito de lograr la más completa confianza y apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas, sino a la jurisdicción disciplinaria de este Tribunal. In re Colón Rivera, supra.
Ill
En el caso de epígrafe, el licenciado García Incera ha incumplido con nuestros requerimientos. A pesar de que se le concedieron prórrogas para presentar su contestación a la queja presentada por el señor Valentín Vélez y su esposa, el licenciado García Incera no atendió las órdenes de este Tribunal. Aunque en nuestra resolución fue apercibido de que podrían imponérsele sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión, el licenciado García Incera no ha comparecido. Ello de por sí denota una falta de diligencia y un alto grado de indiferencia ante nuestros apercibimientos de sanciones disciplinarias. Su conducta representa una falta de respeto hacia los tribunales.
En vista de lo anterior, se suspende indefinidamente del ejercicio de la abogacía y la notaría al Ledo. Mario J. García Incera. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspénsión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal, el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión per curiam y su sentencia. Finalmente, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del Ledo. Mario J. García Incera y entregarlos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará sentencia de conformidad.

 Ésta fue notificada personalmente a través de la Oficina del Alguacil de este Tribunal.