per curiam:
Nuevamente nos encontramos en la necesidad de ejercer nuestra facultad disciplinaria contra un miembro de la profesión legal por su incumplimiento con los requerimientos de este Tribunal. A pesar de las oportunidades concedidas, nos vemos en la obligación de imponer la más severa de las sanciones por una conducta que pudo haberse evitado.
I
El Ledo. Carlos E. Ruiz Hernández fue admitido al ejercicio de la abogacía el 25 de enero de 2000 y prestó juramento como notario el 1 de marzo de 2000.
El 2 de febrero de 2009, la Sra. Esther M. Lebrón Sabater presentó una queja contra el licenciado Ruiz Hernández, quien asumió su representación legal en el caso Katherine Ramos Reyes y otros v. Wallace Realty y otros, Núm. FAC2008-2540. El 27 de marzo de ese año, la entonces Subsecretaría del Tribunal Supremo, Leda. Dimarie Alicea Lozada, cursó una comunicación al licenciado Ruiz Hernández, en la que le notificó la queja presentada en su contra y le concedió un término de diez días para presentar su contestación. Esta comunicación fue devuelta, porque el licenciado Ruiz Hernández ya no laboraba en ese lugar.
Posteriormente, mediante comunicación de 21 de mayo de 2009, la Leda. Juliana Mosquera Soler, Subsecretaría del Tribunal Supremo, envió nuevamente la notificación de la queja a la dirección física residencial del licenciado Ruiz Hernández y se le concedió un término de diez días para presentar su contestación a la queja. Esta segunda notificación fue devuelta por el correo con el sello unclaimed.
Mediante Resolución de 18 de junio de 2009, le concedimos al licenciado Ruiz Hernández un término final de diez días para contestar la queja presentada en su contra. Ade *965 más, se le apercibió de que su incumplimiento con esta resolución podría conllevar sanciones disciplinarias severas, incluyendo la suspensión del ejercicio. Esta fue notificada personalmente por la Oficina del Alguacil de este Tribunal.
El 25 de junio de 2009, el licenciado Ruiz Hernández solicitó una prórroga de sesenta días para presentar su contestación. Así las cosas, el 3 de julio de 2009 se le concedió al licenciado Ruiz Hernández un término de treinta días para presentar su contestación a la queja de epígrafe.(1) Al día de hoy el licenciado Ruiz Hernández no ha comparecido.
II
El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal, en particular cuando se trata de procedimientos sobre su conducta profesional. In re Colón Rivera, 170 D.P.R. 440 (2007).
Reiteradamente hemos señalado que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el citado Canon 9. In re Maldonado Rivera, 147 D.P.R. 380 (1999). Anteriormente hemos advertido que procede la suspensión del ejercicio de la profesión, cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. In re Ríos Rodríguez, 172 D.P.R. Ap. (2007); In re Lloréns Sar, 170 D.P.R. 198 (2007).
Todo abogado tiene la obligación ineludible de responder con diligencia a los requerimientos de este Tribunal, inde *966 pendientemente de los méritos de la queja presentada en su contra. In re Rodríguez Bigas, 172 D.P.R. 345 (2007). Debemos enfatizar que desatender nuestros requerimientos configura una falta independiente de los méritos de la queja presentada. In re Colón Rivera, supra.
Hemos expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y el apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas, sino a la jurisdicción disciplinaria de este Tribunal. In re Colón Rivera, supra.
Ill
En este caso, el licenciado Ruiz Hernández ha incumplido con nuestros requerimientos. A pesar de que se le concedió una prórroga para presentar su contestación a la queja presentada por la señora Lebrón Sabater, el licenciado Ruiz Hernández no atendió las órdenes de este Tribunal. Aunque en nuestra Resolución de 18 de junio de 2009 fue apercibido de que podrían imponérsele sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión, el licenciado Ruiz Hernández no ha comparecido. Ello, de por sí, denota una falta de diligencia y un alto grado de indiferencia ante nuestros apercibimientos de sanciones disciplinarias. Su conducta representa una falta de respeto hacia los tribunales.
De acuerdo con lo anterior, se suspende indefinidamente del ejercicio de la abogacía y la notaría al Ledo. Carlos E. Ruiz Hernández.
Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal, el cumplimiento con *967 lo anterior en el término de treinta días a partir de la notificación de esta opinión per curiam y sentencia.
Finalmente, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del Ledo. Carlos E. Ruiz Hernández y entregarlos a la Directora de la Oficina de Inspección de Notarías para la investigación y el informe correspondientes.

Se dictará la sentencia de conformidad.

 Esta Resolución fue notificada por correo certificado con acuse de recibo.