per curiam:
Hoy, nuevamente nos encontramos en la ne-cesidad de ejercer nuestra facultad disciplinaria contra un miembro de la profesión legal por su incumplimiento craso con los requerimientos de este Tribunal. A pesar de las oportunidades concedidas, nos vemos obligados a imponer la más severa de las sanciones por una conducta que es temeraria y constituye un desafío a nuestra jurisdicción disciplinaria.
El Ledo. Gerardo Fernández Amy (en adelante licen-ciado Fernández Amy) fue admitido al ejercicio de la abo-gacía el 15 de enero de 1991 y al de la notaría el 16 de julio de 1993.
Obra en el expediente una comunicación de la Directora de la Oficina de Inspección de Notarías (en adelante *159 ODIN), donde nos informa que, con fecha de 13 de abril de 2004 y 23 de noviembre de 2004, el licenciado Fernández Amy fue notificado a su dirección del expediente para ser inspeccionado. Las gestiones realizadas fueron infructuosas. El 30 de septiembre de 2009 se le cursó al licenciado Fernández Amy una nueva notificación de cita-ción para la inspección de su obra notarial. Informa la Directora de la ODIN lo siguiente:
Ese mismo día 30 de septiembre al número telefónico del no-tario (787)297-8711, que aparece informado por el notario en su último índice notarial el inspector a cargo de su inspección se comunicó personalmente con el notario Fernández Amy y al informarle el propósito de la llamada el cual era notificarle la fecha de la inspección de su obra notarial, el notario cortó la llamada. Intentos seguidos de comunicación telefónica al mo-mento y otros posteriores tuvieron por respuesta un contesta-dor electrónico. A los mensajes grabados dejados en la má-quina no hubo respuesta alguna del notario. A esta fecha el notario no ha tenido ninguna comunicación con ODIN al respecto. Solicitud de orden para inspección, pág. 1.
En la comunicación de ODIN surge que uno de sus ins-pectores se personó a la dirección física de la sede notarial, la cual se encuentra en un complejo residencial con control de acceso. Aun cuando el personal de seguridad colaboró tratando de gestionar la presencia del notario, ésta fue infructuosa. Informa ODIN que la obra notarial del licen-ciado Fernández Amy tiene un severo atraso de inspección por la poca o ninguna colaboración de éste.
Luego de atender la situación planteada por ODIN el 19 de febrero de 2010, emitimos una resolución para ordenar al Alguacil General de este Tribunal que incautara la obra notarial del licenciado Fernández Amy.
Sin embargo, a pesar de las gestiones de la Oficina del Alguacil General para diligenciar la orden emitida, éstas han sido infructuosas. Surge de la comunicación del Algua-cil General que visitaron el complejo de viviendas donde reside el licenciado Fernández Amy en tres (3) ocasiones *160 distintas. En una de estas ocasiones, un vecino del licen-ciado Fernández Amy les comunicó que efectivamente allí residía el letrado. A su vez, la Oficina del Alguacil General visitó varios lugares donde el licenciado Fernández Amy había trabajado. En uno de los bufetes se les suministró la dirección de correo electrónico, número de teléfono e infor-maron que el licenciado Fernández Amy contaba con una página en la red social de Facebook.
Así las cosas, uno de los alguaciles de este Tribunal lo-gró comunicarse con el licenciado Fernández Amy y seña-larle que tenía unos documentos que tenía que entregarle. El licenciado Fernández Amy informó que se encontraba en Hato Rey y que le devolvería la llamada. Sin embargo, el licenciado Fernández Amy no llamó conforme había acordado.
Todo lo anterior apunta a una conducta reiterada de dejadez e indiferencia por parte del licenciado Fernández Amy hacia nuestras órdenes. Además, demuestra su igno-rancia de sus deberes como abogado, así como su desinte-rés en continuar siendo miembro de la profesión. In re Martínez Miranda, 174 D.P.R. 773 (2008).
I
El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere urna escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre conducta profesional. In re García Incera, 177 D.P.R. 329 (2010); In re Colón Rivera, 165 D.P.R. 148 (2007). Reiteradamente hemos señalado que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9, supra. In re García Incera, supra; In re Maldonado Ri *161 vera, 147 D.P.R. 380 (1999). A su vez, hemos advertido que procede la suspensión del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requeri-mientos. In re García Incera, supra; In re Ríos Rodríguez, 172 D.P.R. Ap. (2007); In re Lloréns Sar, 170 D.P.R. 198 (2007).
En vista de que el licenciado Fernández Amy ha hecho caso omiso a nuestras órdenes en ocasiones reiteradas y ha incumplido sus deberes procede suspenderlo indefinida-mente del ejercicio de la abogacía y de la notaría.
II
Por los fundamentos expuestos en la opinión per curiam que antecede, la cual se hace formar parte de la sentencia, se suspende indefinidamente del ejercicio de la abogacía y de la notaría al Ledo. Gerardo Fernández Amy. Se le im-pone el deber de notificar a todos sus clientes de su inhabi-lidad para continuar representándolos, devolverles cuales-quiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judi-ciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, en el término de treinta (30) días a partir de la notifi-cación de esta opinión “per curiam” y sentencia.

Se dictará sentencia de conformidad.