EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Zaida Prieto Rivera | 2011 TSPR 28<br><br>180 DPR \_\_\_\_ |

Número del Caso: TS-7591

Fecha: 18 de enero de 2011

Oficina de Inspección de Notarías

      Lcda. Lourdes Quintana Llorens
      Directora

Materia: Conducta Profesional – La suspensión será efectiva una vez advenga final y firme la Sentencia conforme la Regla 45 del Reglamento del Tribunal Supremo sobre reconsideración.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lcda. Zaida Prieto Rivera

TS-7591

*PER CURIAM*

San Juan, Puerto Rico, a 18 de enero de 2011.

En el día de hoy, nuevamente nos encontramos en la necesidad de ejercer nuestra facultad disciplinaria contra un miembro de la profesión legal por su incumplimiento craso con los requerimientos de este Tribunal. A pesar de las oportunidades concedidas, nos vemos en la obligación de imponer la más severa de las sanciones por una conducta que es temeraria y constituye un desafío a nuestra jurisdicción disciplinaria.

**I**

La licenciada Zaida Prieto Rivera, en adelante, licenciada Prieto Rivera, fue admitida al

ejercicio de la abogacía el 30 de noviembre de 1982 y al de la notaría el 17 de marzo de 1983.

Obra en el expediente una comunicación de 5 de mayo de 2008 suscrita por la Directora de la Oficina de Inspección de Notarías, en adelante ODIN, informándonos del incumplimiento de la licenciada Prieto Rivera con su obligación de remitir sus Índices Notariales. Surge de la misiva que la licenciada Prieto Rivera había dejado de rendir los Índices Notariales de abril de 2004 y de mayo de 2006 hasta la fecha de la carta. A su vez, la Directora de ODIN nos informó que la licenciada Prieto Rivera adeudaba los Informes de Actividad Notarial Anual correspondiente a los años 2003, 2006 y 2007, sin haber acreditado las razones para dicha omisión.

La Directora de ODIN señaló que la licenciada Prieto Rivera había remitido comunicación de fecha de 22 de mayo de 2006 notificando cambio de dirección a los Estados Unidos. No obstante, la licenciada Prieto Rivera informó que sus protocolos permanecerían en su dirección de récord. Ante esta situación, la ODIN le notificó a la licenciada Prieto Rivera que el ordenamiento jurídico le impedía a un Notario Público ausentarse del país por tiempo prolongado sin dar cumplimiento al Art. 9 de la Ley Núm. 75 de 2 de julio de 1987, según enmendada, conocida como "Ley Notarial de Puerto Rico", 4 L.P.R.A. sec. 2001 *et seq.*, y la Regla 18 del Reglamento Notarial, con respecto a la designación de un notario sustituto. De igual forma, se le apercibió

que, de prolongarse su ausencia de forma indefinida debía atenerse a lo dispuesto en el Art. 64 de la Ley Núm. 75, *supra*, sobre la cesación voluntaria de la notaría. Ante estas advertencias, la licenciada Prieto Rivera guardó silencio. De hecho, la Directora de ODIN informó que, ante estas circunstancias, se desconocía el estado de la Obra Notarial de la licenciada Prieto Rivera toda vez que no constaba la designación de un notario sustituto, ni tampoco se contaba con una petición de renuncia de la licenciada Prieto Rivera a la notaría.[1] En consecuencia, la Directora de ODIN peticionó que ordenáramos a la licenciada Prieto Rivera cumplir con su obligación.

Atendida la situación planteada, el 19 de septiembre de 2008 emitimos una Resolución concediéndole término de veinte (20) días a la licenciada Prieto Rivera para que sometiera los Índices Mensuales adeudados y entregara su Obra Notarial a la ODIN para que fuera inspeccionada. Apercibimos a la licenciada Prieto Rivera que el incumplimiento con lo ordenado podría conllevar sanciones disciplinarias. Dicha Resolución fue remitida a las direcciones que obraban en el expediente de la licenciada Prieto Rivera.

El 22 de marzo de 2009, transcurridos en exceso seis (6) meses, la licenciada Prieto Rivera instó ante este Foro una Moción Solicitando Prórroga. Peticionó término

---

[1] Surge de autos que la Obra Notarial de la licenciada Prieto Rivera se encuentra inspeccionada y aprobada hasta el protocolo del año 1991 y su Registro de Testimonios hasta el asiento número 2067.

adicional de treinta (30) días para cumplir con nuestra Orden toda vez que, por "motivos de compromisos previos", no había "completado los pasos para cumplir con lo previsto".

El 1 de abril de 2009 emitimos una Resolución concediendo término final e improrrogable de treinta (30) días para cumplir con la Resolución de 19 de septiembre de 2008.

Finalmente el 19 de junio de 2009, la licenciada Prieto Rivera presentó Moción en Cumplimiento de Orden. En la misma informó "que los protocolos serán entregados próximamente y que se ha dado cumplimiento al envío de los índices". Notificó que residía desde hacía un tiempo en el estado de Texas y que, en un principio desconocía la duración de la estadía por lo que había notificado a la ODIN, entre otras entidades, la dirección en la cual residiría. Informó que su Obra Notarial estaba en un archivo de metal en su dirección en Puerto Rico y acompañó también un Formulario de Cesación. Ante lo anterior, el 26 de junio de 2009, emitimos Resolución dándonos por enterado y reiterándole a la licenciada Prieto Rivera su obligación de cumplir con la entrega de sus protocolos conforme a los términos de nuestra Resolución de 19 de septiembre de 2008. A su vez, ordenamos a la ODIN nos mantuviera informados sobre el cumplimiento de dicha Resolución.

El 15 de julio de 2009, la Directora de ODIN, mediante moción al efecto, nos informó que la licenciada Prieto

Rivera, mediante llamada telefónica, solicitó autorización para que su cuñado entregara su Obra Notarial. A tales efectos, se nos peticionó ordenáramos la incautación de dicha Obra Notarial. El 13 de octubre de 2009, emitimos Resolución ordenándole al Alguacil General incautarse del sello y la Obra Notarial de la licenciada Prieto Rivera y su debida entrega a la ODIN para el trámite pertinente.

Efectuada dicha gestión, el 23 de marzo del 2003 la Directora de ODIN presentó Moción Sobre Estado de la Obra Notarial.[2] Informó que, evaluada la Obra Notarial, preparó un Informe de Deficiencia, remitiéndolo a la licenciada Prieto Rivera por correo certificado con acuse de recibo. De la inspección realizada en los protocolos destacamos las siguientes deficiencias, entre numerosas otras:

- Falta de encuadernación de los Protocolos para los años 1998, 1999, 2000 y 2001.
- Falta la Escritura Núm. 11 del año 2000.
- Deficiencia arancelaria de cuatrocientos cuarenta y tres dólares ($443.00) en sellos de rentas internas y diecisiete dólares ($17.00) en sellos de impuesto Notarial.

En cuanto al Registro de Testimonios se encontraron las siguientes deficiencias, a saber, falta de la firma y sello de la Notaria en varios asientos y deficiencia arancelaria de veintisiete dólares ($27.00) de sellos para la Sociedad para la Asistencia Legal.

---

[2] Se desglosa de la siguiente manera: Protocolo 1983 (9 tomos); 1984 (12 tomos); 1985 al 1993 (1 tomo por año); 1998 (1 escritura); 1999 (3 escrituras); 2000 (14 escrituras); y 2001 (9 escrituras). A su vez, se incautaron 3 tomos de Registros de Testimonios (Asientos 1 al 2072). No se pudo incautar el sello notarial.

Por último, la Directora de ODIN nos notificó que, a la fecha de nuestra moción, habían transcurrido dos (2) meses sin que la licenciada Prieto Rivera se hubiera comunicado con dicha oficina, ni comenzado el proceso de corrección de las deficiencias en su Obra Notarial.

El 23 de abril de 2010 emitimos una Resolución ordenándole a la licenciada Prieto Rivera que corrigiera las deficiencias señaladas en un término de treinta (30) días. La apercibimos que su incumplimiento podría dar lugar a sanciones disciplinarias. Transcurridos dos (2) meses, el 28 de junio de 2010, la licenciada Prieto Rivera presentó una Moción Solicitando Prórroga. Expuso que los señalamientos requerían de su presencia en Puerto Rico por un término relativamente prolongado, lo que se le imposibilitaba en ese momento. Peticionó término de seis (6) meses para resolver los señalamientos, ya que esperaba viajar a Puerto Rico durante los meses de julio y agosto. Ante este petitorio, le concedimos término a la ODIN para que se expresara, lo cual cumplimentó. Evaluados los escritos concedimos término de tres (3) meses a la licenciada Prieto Rivera para que cumpliera con nuestras órdenes. A su vez, la apercibimos que su incumplimiento conllevaría sanciones disciplinarias a tenor con la Ley Núm. 75, *supra*.

El 30 de noviembre de 2010, la Directora de ODIN nos informó que el término concedido a la licenciada Prieto Rivera para que corrigiera su Obra Notarial había

transcurrido y que la notario no había realizado gestión alguna conducente a cumplir con nuestra orden.

Todo lo anterior apunta a una reiterada conducta de dejadez e indiferencia de parte de la licenciada Prieto Rivera hacia nuestras órdenes, y demuestra su ignorancia de sus deberes como notario. *In re Martínez Miranda,* res. el 22 de agosto de 2008, 174 D.P.R.___ (2008), 2008 T.S.P.R. 176, 2008 J.T.S. 175.

## II

El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. *In re García Incera,* res. el 21 de octubre de 2009, 177 D.P.R.___ (2010), 2010 T.S.P.R. 12, 2010 J.T.S. ___; *In re Colón Rivera*, 165 D.P.R. 148 (2005). Reiteradamente hemos señalado que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9. *In re García Incera,* supra; *In re Maldonado Rivera*, 147 D.P.R. 380 (1999). A su vez, hemos advertido que procede la suspensión del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos. *In re García Incera,* supra; *In re*

*Ríos Rodríguez*, 172 D.P.R. Ap. (2007); *In re Lloréns Sar*, 170 D.P.R. 198 (2007).

En el caso de autos, la incomparecencia de la licenciada Prieto Rivera, ante los requerimientos de la ODIN, y, en particular, ante lo ordenado por este Tribunal, demuestran indiferencia en cumplir con sus deberes como abogado y notario. Ante su incumplimiento con las Resoluciones emitidas por este Tribunal y con el procedimiento de cesación voluntaria, nos hemos visto impedidos de dictar Resolución ordenando la cancelación de su Fianza Notarial a tenor con la Regla 9 del Reglamento Notarial. Véase, *In re Santiago Rodríguez*, 160 D.P.R. 245 (2003). La desidia y el desinterés de la licenciada Prieto Rivera ameritan la más fuerte de las sanciones.

### III

Por los fundamentos expuestos se suspende indefinidamente del ejercicio de la abogacía y de la notaría a la licenciada Prieto Rivera. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lcda. Zaida Prieto Rivera

                              TS-7591

SENTENCIA

San Juan, Puerto Rico, a 18 de enero de 2011.

Por los fundamentos expuestos se suspende indefinidamente del ejercicio de la abogacía y de la notaría a la licenciada Prieto Rivera. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo.

                    Aida Ileana Oquendo Graulau
                    Secretaria del Tribunal Supremo