per curiam:
Hoy nuevamente nos encontramos en la ne-cesidad de ejercer nuestra facultad disciplinaria contra un miembro de la profesión legal por su incumplimiento craso con los requerimientos de este Tribunal. A pesar de las oportunidades concedidas, nos vemos en la obligación de imponer la más severa de las sanciones por una conducta que es temeraria y constituye un desafío a nuestra juris-dicción disciplinaria.
I
La Leda. Zaida Prieto Rivera (en adelante, licenciada Prieto Rivera) fue admitida al ejercicio de la abogacía el 30 *693 de noviembre de 1982 y al de la notaría el 17 de marzo de 1983.
Obra en el expediente una comunicación de 5 de mayo de 2008, suscrita por la Directora de la Oficina de Inspec-ción de Notarías (en adelante Directora de ODIN) en la que nos informa del incumplimiento de la licenciada Prieto Rivera con su obligación de remitir sus índices Notariales. Surge de esa comunicación que la licenciada Prieto Rivera dejó de rendir los índices Notariales de abril de 2004 y mayo de 2006 hasta la fecha de la carta. A su vez, la Direc-tora de ODIN nos informó que la licenciada Prieto Rivera adeudaba los Informes de Actividad Notarial Anual corres-pondientes a 2003, 2006 y 2007 y no ha ofrecido razones para dicha omisión.
La Directora de ODIN señaló que la licenciada Prieto Rivera remitió una comunicación el 22 de mayo de 2006 en la que notificó un cambio de dirección a Estados Unidos. No obstante, la licenciada Prieto Rivera informó que sus Protocolos permanecerían en la dirección de su expediente. Ante esta situación, la ODIN notificó a la licenciada Prieto Rivera que el ordenamiento jurídico le impedía a un nota-rio público ausentarse del país por tiempo prolongado sin dar cumplimiento al Art. 9 de la Ley Núm. 75 de 2 de julio de 1987, según enmendada, conocida como Ley Notarial de Puerto Rico, 4 L.P.R.A. see. 2013, y la Regla 18 del Regla-mento Notarial, 4 L.P.R.A. Ap. XXIV, con respecto a la de-signación de un notario sustituto. De igual forma, se le apercibió de que si se prolongaba su ausencia de forma indefinida, se debía atener a lo dispuesto en el Art. 64 de la Ley Núm. 75, supra, 4 L.P.R.A. see. 2104, sobre la cesación voluntaria de la notaría. Ante estas advertencias, la licen-ciada Prieto Rivera guardó silencio. De hecho, la Directora de ODIN informó que, ante estas circunstancias, se desco-nocía el estado de la obra notarial de la licenciada Prieto Rivera, ya que no constaba la designación de un notario sustituto ni se contaba con una petición de renuncia de la *694 licenciada Prieto Rivera a la notaría.(1) En consecuencia, la Directora de ODIN pidió que le ordenáramos cumplir a la licenciada Prieto Rivera con su obligación.
Atendida la situación planteada, el 19 de septiembre de 2008 emitimos una Resolución para concederle veinte (20) días a la licenciada Prieto Rivera para que sometiera los índices mensuales adeudados y entregara su obra notarial a la ODIN para que la inspeccionaran. Apercibimos a la licenciada Prieto Rivera que el incumplimiento con lo orde-nado podría conllevar sanciones disciplinarias. Dicha Re-solución se remitió a las direcciones que obraban en el ex-pediente de la licenciada Prieto Rivera.
El 22 de marzo de 2009, transcurridos en exceso seis (6) meses, la licenciada Prieto Rivera instó ante este Foro una Moción Solicitando Prórroga. Solicitó un término adicional de treinta (30) días para cumplir con nuestra Orden ya que, por “motivos de compromisos previos”, no había “com-pletado los pasos para cumplir con lo previsto”.
El 1 de abril de 2009 emitimos una Resolución en la que concedimos un término final e improrrogable de treinta (30) días para cumplir con la Resolución de 19 de septiem-bre de 2008.
Por último, el 19 de junio de 2009, la licenciada Prieto Rivera presentó una Moción en Cumplimiento de Orden, en la que informó “que los protocolos serán entregados próximamente y que se ha dado cumplimiento al envío de los índices”. Notificó que residía desde hacía un tiempo en Texas y que, en un principio, desconocía la duración de la estadía por lo que había notificado a la ODIN, entre otras entidades, la dirección en la cual residiría. Informó que su obra notarial estaba en un archivo de metal en su dirección en Puerto Rico y acompañó también un Formulario de Cesación. Ante lo anterior, el 26 de junio de 2009 emitimos *695 una Resolución en la que nos dimos por enterado y le rei-teramos a la licenciada Prieto Rivera su obligación de cum-plir con la entrega de sus Protocolos conforme a los térmi-nos de nuestra Resolución de 19 de septiembre de 2008. A su vez, ordenamos que la ODIN nos mantuviera informa-dos sobre el cumplimiento de dicha Resolución.
El 15 de julio de 2009, la Directora de ODIN, mediante una moción al efecto, nos informó que la licenciada Prieto Rivera, mediante llamada telefónica, solicitó una autoriza-ción para que su cuñado entregara su obra notarial. A con-secuencia de esto, nos solicitaron que ordenáramos la in-cautación de dicha obra notarial. El 13 de octubre de 2009 emitimos una Resolución en la cual le ordenamos al Algua-cil General que se incautara del sello y la obra notarial de la licenciada Prieto Rivera y lo entregara a la ODIN para el trámite pertinente.
Efectuada dicha gestión, el 23 de marzo de 2003 la Directora de ODIN presentó una Moción sobre Estado de la Obra Notarial.(2) Informó que, evaluada la obra notarial, preparó un Informe de Deficiencia y lo remitió a la licen-ciada Prieto Rivera por correo certificado con acuse de recibo. De la inspección que realizamos en los Protocolos destacamos, entre numerosas otras, las siguientes defi-ciencias:
1. Falta de encuadernación de los Protocolos para 1998, 1999, 2000 y 2001.
2. Falta la Escritura Núm. 11 del 2000.
3. Deficiencia arancelaria de cuatrocientos cuarenta y tres dólares ($443) en sellos de rentas internas y diecisiete dólares ($17) en sellos de impuesto notarial.
En cuanto al Registro de Testimonios se encontraron las deficiencias siguientes, a saber: falta de la firma y el sello de la notaría en varios asientos y deficiencia arancelaria de *696 veintisiete dólares ($27) de sellos para la Sociedad para la Asistencia Legal.
Por último, la Directora de ODIN nos notificó que, a la fecha de nuestra moción, habían transcurrido dos (2) me-ses sin que la licenciada Prieto Rivera se hubiera comuni-cado con dicha oficina ni comenzado el proceso de correc-ción de las deficiencias en su obra notarial.
El 23 de abril de 2010 emitimos una Resolución me-diante la que ordenamos a la licenciada Prieto Rivera que corrigiera las deficiencias señaladas en un término de treinta (30) días. La apercibimos que su incumplimiento podría dar lugar a sanciones disciplinarias. Transcurridos dos (2) meses, el 28 de junio de 2010, la licenciada Prieto Rivera presentó una Moción Solicitando Prórroga. Expuso que los señalamientos requerían de su presencia en Puerto Rico por un término relativamente prolongado, lo que se le imposibilitaba en ese momento. Solicitó un término de seis (6) meses para resolver los señalamientos, ya que esperaba viajar a Puerto Rico durante los meses de julio y agosto. Ante este petitorio, concedimos término a la ODIN para que se expresara, lo cual hizo. Evaluados los escritos, con-cedimos un término de tres (3) meses a la licenciada Prieto Rivera para que cumpliera con nuestras órdenes. A su vez, la apercibimos de que su incumplimiento conllevaría san-ciones disciplinarias según la Ley Núm. 75, supra.
El 30 de noviembre de 2010, la Directora de ODIN nos informó que el término concedido a la licenciada Prieto Rivera para que corrigiera su obra notarial había transcu-rrido y ésta no realizó gestión alguna conducente a cumplir con nuestra orden.
Todo lo anterior apunta a una reiterada conducta de dejadez e indiferencia de parte de la licenciada Prieto Rivera hacia nuestras órdenes, y demuestra su ignorancia de sus deberes como notario. In re Martínez Miranda, 174 D.P.R. 773 (2008).
*697 II
El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abo-gado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. In re García Incera, 177 D.P.R. 329 (2009); In re Colón Rivera, 165 D.P.R. 148 (2005). Reiteradamente hemos señalado que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9. Véanse: In re García Incera, supra; In re Maldonado Rivera, 147 D.P.R. 380 (1999). A su vez, hemos advertido que procede la suspensión del ejercicio de la profesión cuando un abogado no atiende nuestros requerimientos con diligencia. In re García Incera, supra; In re Ríos Rodríguez, 172 D.P.R. Ap. (2007); In re Lloréns Sar, 170 D.P.R. 198 (2007).
En el caso de autos, la incomparecencia de la licenciada Prieto Rivera ante los requerimientos de la ODIN y, en particular, ante lo que ordenó este Tribunal, demuestran su indiferencia en cumplir con sus deberes como abogado y notario. Ante su incumplimiento con las Resoluciones emi-tidas por este Tribunal y con el procedimiento de cesación voluntaria, nos hemos visto impedidos de dictar una Reso-lución que ordene la cancelación de su Fianza Notarial, según dispone la Regla 9 del Reglamento Notarial ficha. Véase In re Santiago Rodríguez, 160 D.P.R. 245 (2003). La desidia y el desinterés de la licenciada Prieto Rivera ame-ritan la más fuerte de las sanciones.
*698 III
Por los fundamentos expuestos, se suspende indefinida-mente del ejercicio de la abogacía y de la notaría a la licen-ciada Prieto Rivera. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar repre-sentándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Ade-más, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta opinión “per curiam” y Sentencia.

Se dictará sentencia de conformidad.

 Surge de los autos que la obra notarial de la licenciada Prieto Rivera se encuentra inspeccionada y aprobada hasta el Protocolo de 1991 y su Registro de Testimonios hasta el asiento número 2067.

 Se desglosa de la manera siguiente: Protocolo 1983 (9 tomos); 1984 (12 to-mos); Í985 a 1993 (1 tomo por año); 1998 (1 escritura); 1999 (3 escrituras); 2000 (14 escrituras), y 2001 (9 escrituras). A su vez, se incautaron tres tomos de Registros de Testimonios (Asientos 1 al 2072). No se pudo incautar el sello notarial.