

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re | 2011 TSPR 89 |
| | 181 DPR _____ |
| Pedro Vellón Reyes | |

Número del Caso: CP - 2010 - 18

Fecha: 24 de mayo de 2011

Oficina de la Procuradora General:

Lcdo. José Enrico Valenzuela Alvarado
Procurador General Auxiliar

Materia: Conducta Profesional      –   La Suspensión será efectiva una vez advenga final y firme la Sentencia conforme a la Regla 45 del Reglamento del Tribunal Supremo sobre reconsideración.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a                    la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Pedro Vellón Reyes

CP-2010-18

*PER CURIAM*

San Juan, Puerto Rico, a 24 de mayo de 2011.

El licenciado Pedro Vellón Reyes, en adelante, licenciado Vellón Reyes, fue admitido al ejercicio de la abogacía el 28 de abril de 1966 y al de la notaría el 13 de julio de 1966. El licenciado Vellón Reyes renunció voluntariamente a la notaría el 13 de mayo de 2004[1].

Obra en el expediente una Queja instada ante este Foro el 27 de abril de 2004 por Porfirio Figueroa Bigio, en adelante, señor Figueroa Bigio, contra el licenciado Vellón Reyes. Se desprende de la Queja que el señor Figueroa Bigio solicitó

---

[1] La Obra Notarial del licenciado Vellón Reyes fue inspeccionada, aprobada y entregada al Archivo Notarial de Puerto Rico, Distrito de San Juan.

los servicios profesionales del licenciado Vellón Reyes para que inscribiera en el Registro de la Propiedad la residencia donde el señor Figueroa Bigio residía desde hace treinta y ocho (38) años. Alegadamente, el licenciado Vellón Reyes aceptó el caso indicándole al señor Figueroa Bigio que dicho trámite tomaría dos (2) meses y que costaría cuatro mil dólares ($4,000.00). A tales efectos, el licenciado Vellón Reyes le solicitó un adelanto de dos mil dólares ($2,000.00), cantidad que satisfizo el señor Figueroa Bigio. Transcurrido el tiempo sin conocer el *status* del caso, el señor Figueroa Bigio se comunicó con el letrado quien le indicó que no podía tramitar el petitorio hasta que le sometiera una Resolución de la Administración de Reglamentos y Permisos, gestión que realizó el señor Figueroa Bigio. Posteriormente, el licenciado Vellón Reyes le solicita un Estudio de Título de la propiedad, acción que cumplió el señor Figueroa Bigio. Alega el señor Figueroa Bigio que transcurrido el tiempo se vuelve a comunicar con el licenciado Vellón Reyes quien le informó que debía acudir al Centro de Recaudación de Ingresos Municipales a fin de conseguir cierta información, a saber, el número de catastro de la propiedad y si había alguna deuda. Transcurrido el tiempo el licenciado Vellón Reyes se comunicó con el señor Figueroa Bigio informándole que no podía realizar trámite alguno adicional toda vez que dependía de otro abogado, a

saber, Carlos J. Correa Ramos de Naguabo. EL licenciado Vellón Reyes le solicitó al señor Figueroa Bigio recogiera su expediente ya que él se retiraría de la profesión en un (1) mes. Ante lo anterior, el quejoso le solicitó la devolución del dinero a lo que se negó el licenciado Vellón Reyes.

El 8 de junio de 2004, la Secretaria de este Tribunal remitió una comunicación por correo certificado al licenciado Vellón Reyes peticionándole contestara la Queja presentada en un término de diez (10) días.

El 30 de junio de 2004, el licenciado Vellón Reyes contestó la Queja incoada. Apuntó que el señor Figueroa Bigio no había sido veraz en su Queja. Señaló que toda vez que se había retirado de su profesión y estaba gestionando fuera de Puerto Rico atención médica por su precaria condición de salud no podía contestar la Queja con prueba, en esa etapa. No obstante, había peticionado a su secretaria le remitiera copia del expediente.

El licenciado Vellón Reyes, de su recuerdo, alegó que el quejoso había adquirido, mediante documento privado, un predio de terreno perteneciente a una heredera de cierta Sucesión. Tiempo después dicha heredera había fallecido dejando, a su vez, otros herederos. El terreno en cuestión no había sido segregado ni inscrito a nombre de la Sucesión, gestiones esenciales para que pudiese darse el tracto correspondiente. Planteó que durante el tiempo

que trabajó el caso había realizado innumerables gestiones con el licenciado Carlos J. Correa Ramos, representante legal de varios de los herederos. Lo anterior, ya que a fin de que procediera la inscripción, dicho letrado debía preparar cierta documentación, entre ella una Escritura de Cesión de Terreno para Uso Público, gestión que no se había realizado. Dicha Escritura era esencial para que cualquier documento posterior tuviera entrada al Registro de la Propiedad. Planteó que esas diligencias se le habían informado al señor Figueroa Bigio, estando éste conforme a esperar. Por último, informó que había sido amenazado por un familiar del señor Figueroa Bigio quien se identificó como Alguacil. Ante dichas amenazas, decidió entregarle el expediente al señor Figueroa Bigio, no sin antes orientarle de los aspectos del caso.

El 22 de septiembre de 2005 la Directora de la Oficina de Inspección de Notarías, en adelante ODIN, remitió su Informe. Nos peticionó solicitáramos al licenciado Vellón Reyes sometiera un Memorando de Costas y Gastos en el que detallara las gestiones realizadas a fin de que pudiera evaluarse si procedía la devolución de honorarios recibidos por gestiones no realizadas.

El 6 de octubre de 2005, concedimos término al licenciado Vellón Reyes para que se expresara sobre el Informe de ODIN. Ante su incumplimiento, el 17 de marzo de 2006, concedimos término final de quince (15) días al

licenciado Vellón Reyes para que cumpliera con nuestro requerimiento. Lo apercibimos de que el incumplimiento con nuestra Orden podría conllevar la imposición de sanciones disciplinarias, incluyendo la separación del ejercicio de la profesión. Ordenamos que la Resolución fuera notificada personalmente a través de la Oficina del Alguacil General.

El 11 de abril de 2006, el licenciado Vellón Reyes cumplió con lo ordenado. Sometió un Memorando de Costas y Gastos por la cantidad de tres mil trescientos dólares ($3,300.00).

Ante lo anterior, el 1 de septiembre de 2006, concedimos término a la Directora de ODIN para que examinara lo sometido por el licenciado Vellón Reyes y nos remitiera un Informe Suplementario.

En cumplimiento con nuestra Orden el 6 de octubre de 2006, la Directora de ODIN emitió su Informe. Informó que había evaluado tanto el Memorando suscrito por el licenciado Vellón Reyes, así como la contestación del señor Figueroa Bigio, a dicho documento. Ante las versiones encontradas de las partes, era imposible determinar si procedía la devolución de honorarios. Ante una cuestión de credibilidad, la Directora de ODIN recomendó referir la Queja ante la Oficina del Procurador General.

El 2 de febrero de 2007, emitimos una Resolución refiriendo el asunto al Procurador General. A su vez, le ordenamos al licenciado Vellón Reyes mostrara causa por la cual no debía disciplinarse por no haber cumplido con su obligación de informarnos del cambio de su dirección.

El 19 de febrero de 2007, y en cumplimiento con nuestra Resolución, el licenciado Vellón Reyes informó su nueva dirección en el Estado de la Florida.

El 4 de abril de 2004, el Procurador General sometió su Informe. Evaluada la situación, el Procurador General entendió que, de probarse la veracidad de las alegaciones del señor Figueroa Bigio, el licenciado Vellón Reyes podría haber incurrido en conducta violatoria a los Cánones 18, 19, 20, 23, 35 y 38 de Ética Judicial. Recomendó se continuará con el procedimiento disciplinario contra el licenciado Vellón Reyes a tenor con la Queja presentada.

El 17 de abril de 2007 concedimos término al licenciado Vellón Reyes para que se expresara sobre el Informe del Procurador General. El 2 de mayo de 2007, el licenciado Vellón Reyes nos suscribió una comunicación informando que no había recibido copia del Informe del Procurador General y que se hicieran gestiones para su entrega. A tales efectos, el 31 de mayo de 2007, ordenamos a la Secretaría del Tribunal remitiera copia del Informe del Procurador General al licenciado Vellón Reyes.

Concedimos, a su vez, término al licenciado Vellón Reyes para que se expresara sobre dicho Informe.

Así las cosas, y ante el incumplimiento del licenciado Vellón Reyes con nuestra Resolución, el 26 de octubre de 2007, le concedimos término para que mostrara causa por la cual no debíamos ejercer nuestra jurisdicción disciplinaria e imponerle sanciones, las cuales podrían incluir sanciones disciplinarias.

El 16 de noviembre de 2007, el licenciado Vellón Reyes sometió documento a manuscrito informando que había contestado todos los requerimientos de las diferentes oficinas.

El 2 de mayo de 2008, instruimos a la Secretaría remitiera copia de dicho documento al Procurador General. El 26 de septiembre de 2008, le ordenamos al Procurador General diera cumplimiento a nuestra Resolución de 2 de mayo de 2008.

El 14 de octubre de 2008, el Procurador General nos remitió una Moción en Cumplimiento de Orden. Informaron que de lo esbozado por el licenciado Vellón Reyes no surgía información nueva que lo moviera a cambiar su recomendación inicial.

El 8 de mayo de 2009, ordenamos la presentación de las Querellas correspondientes. En cumplimiento con lo ordenado, el 30 de noviembre de 2010, la Procuradora General presentó la Querella correspondiente. Surge de

dicha Querella que la Procuradora General entendió que el licenciado Vellón Reyes incurrió en violación a los Cánones 18, 19, 23, 24 y 38 de Ética.

El 1 de diciembre de 2010, se expidió el correspondiente Mandamiento ordenándole al licenciado Vellón Reyes contestara la Querella.

Ante la incomparecencia del licenciado Vellón Reyes, el 8 de febrero de 2011 emitimos una Resolución. Allí informamos que se había recibido el acuse de recibo de la comunicación remitida. No obstante, ante la ausencia de firma, se volvió a remitir nuevamente siendo recibida el 11 de enero de 2011. Le concedimos al licenciado Vellón Reyes término final de quince (15) días para que contestara la Querella instada. Le apercibimos que su incumplimiento podría conllevar sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión.

Lo anterior apunta a una conducta de indiferencia de parte del licenciado Vellón Reyes hacia nuestras órdenes, así como su desinterés en continuar siendo miembro de la profesión. *In re Martínez Miranda,* 174 D.P.R. 773 (2008).

## II.

El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función

de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. *In re García Incera,* res. en 21 de octubre de 2009, 177 D.P.R.___ (2010), 2010 T.S.P.R. 12, 2010 J.T.S. ___; *In re Colón Rivera*, 165 D.P.R. 148 (2007). Reiteradamente hemos señalado que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9. *In re García Incera, supra; In re Maldonado Rivera*, 147 D.P.R. 380 (1999). A su vez, hemos advertido que procede la suspensión del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos. *In re García Incera, supra; In re Ríos Rodríguez*, 172 D.P.R. Ap. (2007); *In re Lloréns Sar*, res. el 5 de febrero de 2007, 170 D.P.R. 198(2007).

En vista de que el licenciado Vellón Reyes ha hecho caso omiso a nuestras órdenes en reiteradas ocasiones y ha incumplido sus deberes procede suspenderlo indefinidamente del ejercicio de la abogacía.

## III.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende indefinidamente del ejercicio de la abogacía al licenciado Vellón Reyes. Se le impone el deber de notificar a todos sus clientes de su

inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Pedro Vellón Reyes

CP-2010-18

*SENTENCIA*

San Juan, Puerto Rico, a 24 de mayo de 2011.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende indefinidamente del ejercicio de la abogacía al licenciado Vellón Reyes. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo