per curiam:
El Ledo. Pedro Vellón Reyes (licenciado Ve-llón Reyes) fue admitido al ejercicio de la abogacía el 28 de abril de 1966 y al de la notaría el 13 de julio de 1966. El licenciado Vellón Reyes renunció voluntariamente a la no-taría el 13 de mayo de 2004.(1)
Obra en el expediente una Queja instada ante este Foro el 27 de abril de 2004 por Porfirio Figueroa Bigio (señor *928 Figueroa Bigio) contra el licenciado Vellón Reyes. Se deduce de la Queja que el señor Figueroa Bigio solicitó los servicios profesionales del licenciado Vellón Reyes para que inscribiera en el Registro de la Propiedad la residencia donde el señor Figueroa Bigio residía desde hace treinta y ocho años. Se alega, además, que el licenciado Vellón Reyes aceptó el caso y le indicó al señor Figueroa Bigio que dicho trámite tomaría dos meses y costaría cuatro mil dólares. Luego, el licenciado le solicitó un adelanto de dos mil dóla-res, cantidad que satisfizo el quejoso. Transcurrido el tiempo sin conocer el estatus del caso, el señor Figueroa Bigio se comunicó con el letrado, quien le indicó que no podía tramitar el petitorio hasta que le sometiera una Re-solución de la Administración de Reglamentos y Permisos, gestión que realizó el señor Figueroa Bigio. Posterior-mente, el licenciado Vellón Reyes le solicita un Estudio de Título de la propiedad, acción que cumplió el señor Figueroa Bigio. Alega el señor Figueroa Bigio que, pasado un tiempo razonable, se vuelve a comunicar con el licenciado Vellón Reyes, quien le informó que debía acudir al Centro de Recaudación de Ingresos Municipales para conseguir cierta información, a saber, el número de catastro de la propiedad e investigar si había alguna deuda. Transcu-rrido el tiempo, el licenciado Vellón Reyes se comunicó con el señor Figueroa Bigio y le informó que no podía realizar ningún otro trámite porque dependía de otro abogado, a saber, Carlos J. Correa Ramos, de Naguabo. El licenciado Vellón Reyes solicitó que el señor Figueroa Bigio recogiera su expediente, ya que él se retiraría de la profesión en un (1) mes. Ante esto, el quejoso solicitó que el licenciado le devolviera el dinero, a lo que este se negó.
El 8 de junio de 2004, la Secretaria de este Tribunal le remitió una comunicación por correo certificado al licen-ciado Vellón Reyes para pedirle que, en un término de diez días, contestara la Queja presentada.
El 30 de junio de 2004, el licenciado Vellón Reyes con- *929 testó la Queja incoada. Apuntó que el señor Figueroa Bigio no había sido veraz en su Queja. Señaló que como se había retirado de su profesión y estaba gestionando fuera de Puerto Rico atención médica por su precaria condición de salud, no podía contestar la Queja con prueba en esa etapa. No obstante, le solicitó a su secretaria que le remitiera copia del expediente.
El licenciado Vellón Reyes —según su recuerdo— alegó que el quejoso adquirió, mediante documento privado, un predio de terreno perteneciente a una heredera de cierta Sucesión. Tiempo después, dicha heredera falleció y dejó, a su vez, otros herederos. El terreno en cuestión no se había segregado y tampoco inscrito a nombre de la Sucesión, ges-tiones esenciales para que se diera el tracto corres-pondiente. Planteó que durante el tiempo que trabajó el caso realizó innumerables gestiones con el Ledo. Carlos J. Correa Ramos, representante legal de varios de los herederos. Para que procediera la inscripción, era necesa-rio que dicho letrado preparara cierta documentación, en-tre ella una Escritura de Cesión de Terreno para Uso Pú-blico, gestión que no se había realizado. Dicha Escritura era esencial para que cualquier documento posterior tu-viera entrada al Registro de la Propiedad. Planteó que esas diligencias se le informaron al señor Figueroa Bigio y este estuvo conforme en esperar. Por último, informó que un familiar del señor Figueroa Bigio, quien se identificó como alguacil, lo amenazó. Ante esto, decidió entregarle el expe-diente al señor Figueroa Bigio, no sin antes orientarle de los aspectos del caso.
El 22 de septiembre de 2005, la Directora de la Oficina de Inspección de Notarías (ODIN) remitió su Informe. Nos peticionó que le solicitáramos al licenciado Vellón Reyes que sometiera un Memorando de Costas y Gastos con el detalle de las gestiones realizadas para que se pudiera eva-luar si procedía devolver los honorarios recibidos por ges-tiones no realizadas.
*930 El 6 de octubre de 2005, concedimos al licenciado Vellón Reyes un término para que se expresara sobre el Informe de ODIN. Ante su incumplimiento, el 17 de marzo de 2006 concedimos un término final de quince días al licenciado Vellón Reyes para que cumpliera con nuestro requeri-miento. Lo apercibimos de que el incumplimiento con nues-tra Orden podría conllevar la imposición de sanciones dis-ciplinarias, incluso la separación del ejercicio de la profesión. Ordenamos que la Resolución se notificara per-sonalmente a través de la Oficina del Alguacil General.
El 11 de abril de 2006, el licenciado Vellón Reyes cum-plió con lo ordenado. Sometió un Memorando de Costas y Gastos por la cantidad de tres mil trescientos dólares.
Ante lo anterior, el 1 de septiembre de 2006, concedimos un término a la Directora de ODIN para que examinara lo sometido por el licenciado Vellón Reyes y nos remitiera un Informe Suplementario.
En cumplimiento con nuestra Orden, el 6 de octubre de 2006, la Directora de ODIN emitió su Informe. En él in-cluyó que evaluó tanto el memorando suscrito por el licen-ciado Vellón Reyes, así como la contestación del señor Figueroa Bigio a dicho documento. Ante las versiones encontradas de las partes, era imposible determinar si pro-cedía la devolución de honorarios. Ante una cuestión de credibilidad, la Directora de ODIN recomendó referir la Queja a la Oficina del Procurador General.
El 2 de febrero de 2007 emitimos una Resolución para referir el asunto al Procurador General. A su vez, le orde-namos al licenciado Vellón Reyes que mostrara causa por la cual no se le debía disciplinar por no haber cumplido con su obligación de informarnos del cambio de su dirección.
El 26 de febrero de 2007, y en cumplimiento con nuestra Resolución, el licenciado Vellón Reyes informó su nueva dirección en el Estado de la Florida.
El 4 de abril de 2004, el Procurador General sometió su Informe. Evaluada la situación, este consideró que, de pro-barse la veracidad de las alegaciones del señor Figueroa *931 Bigio, el licenciado Vellón Reyes podría haber incurrido en violación de los Cánones 18, 19, 20, 23, 35 y 38 de Ética Judicial, 4 L.P.R.A. Ap. IV-B. Recomendó que se continuará con el procedimiento disciplinario contra el licenciado Ve-llón Reyes de acuerdo con la Queja presentada.
El 17 de abril de 2007 concedimos un término al licen-ciado Vellón Reyes para que se expresara sobre el Informe del Procurador General. El 2 de mayo de 2007, el licen-ciado Vellón Reyes nos envió una comunicación para infor-mar que no había recibido copia del Informe del Procura-dor General y que se hicieran gestiones para su entrega. Así, el 31 de mayo de 2007 ordenamos a la Secretaría del Tribunal que remitiera copia del Informe del Procurador General al licenciado Vellón Reyes. Concedimos, a su vez, un término al licenciado Vellón Reyes para que se expre-sara sobre dicho Informe.
Así las cosas, y ante el incumplimiento del licenciado Vellón Reyes con lo establecido en nuestra Resolución, el 26 de octubre de 2007 le concedimos un término para que mostrara causa por la cual no debíamos ejercer nuestra jurisdicción disciplinaria e imponerle sanciones, las cuales podrían incluir sanciones disciplinarias.
El 16 de noviembre de 2007, el licenciado Vellón Reyes sometió un documento a manuscrito para informar que ha-bía contestado todos los requerimientos de las diferentes oficinas.
El 2 de mayo de 2008 le ordenamos a la Secretaría que remitiera una copia del documento a manuscrito al Procu-rador General. El 26 de septiembre de 2008 le ordenamos al Procurador General que cumpliera con lo establecido en nuestra Resolución de 2 de mayo de 2008.
El 14 de octubre de 2008, el Procurador General nos remitió una Moción en Cumplimiento de Orden. Informó que de lo esbozado por el licenciado Vellón Reyes no surgía información nueva que lo moviera a cambiar su recomen-dación inicial.
*932 El 8 de mayo de 2009 ordenamos que se presentaran las querellas correspondientes. En cumplimiento con lo orde-nado, el 30 de noviembre de 2010, la Procuradora General presentó la Querella correspondiente. Surge de esta que la Procuradora General concluyó que el licenciado Vellón Reyes violó lo dispuesto en los Cánones 18, 19, 23, 24 y 38 de Etica Judicial, supra.
El 1 de diciembre de 2010 se expidió el correspondiente Mandamiento para ordenar al licenciado Vellón Reyes que contestara la querella.
Ante la incomparecencia del licenciado, el 8 de febrero de 2011 emitimos una Resolución. Allí informamos que se había recibido el acuse de recibo de la comunicación remitida. No obstante, ante la ausencia de firma, se volvió a remitir y se recibió el 11 de enero de 2011. Le concedimos al licenciado Vellón Reyes un término final de quince días para que contestara la querella instada. Le apercibimos que su incumplimiento podría conllevar sanciones discipli-narias severas, incluso la suspensión del ejercicio de la profesión.
Lo anterior apunta a una conducta de indiferencia de parte del licenciado Vellón Reyes hacia nuestras órdenes, así como su desinterés en continuar siendo miembro de la profesión. In re Martínez Miranda, 174 D.P.R. 773 (2008).
I
El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar una conducta que se caracterice por el mayor respeto y diligencia hacia los tribunales. La naturaleza de la función del abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos relacionados con su conducta profesional. In re García Incera, 177 D.P.R. 329 (2010); In re Colón Rivera, 165 D.P.R. 148 (2005). Reitera- *933 damente hemos señalado que desatender las órdenes judi-ciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9. In re García lucera, supra; In re Maldonado Rivera, 147 D.P.R. 380 (1999). A su vez, hemos advertido que procede la suspensión del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos. In re García lucera, supra; In re Ríos Rodríguez, 172 D.P.R. Ap. (2007); In re Lloréns Sar, 170 D.P.R. 198 (2007).
Como el licenciado Vellón Reyes no ha hecho caso a nuestras órdenes en reiteradas ocasiones y ha incumplido sus deberes, procede suspenderlo indefinidamente del ejer-cicio de la abogacía.
II
Por los fundamentos expuestos en la opinión per curiam que antecede, la cual se hace formar parte de la presente Sentencia, se suspende indefinidamente del ejercicio de la abogacía al licenciado Vellón Reyes. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para con-tinuar representándolos, devolverles cualesquiera honora-rios recibidos por trabajos no realizados e informar oportu-namente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión “per curiam” y Sentencia.

Se dictará sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez no intervino.

 La obra notarial del licenciado Vellón Reyes se inspeccionó, aprobó y entregó al Archivo Notarial de Puerto Rico, Distrito de San Juan.