per curiam:
Hoy nos encontramos nuevamente en la ne-cesidad de ejercer nuestra facultad disciplinaria contra un miembro de la profesión legal por su incumplimiento craso con los requerimientos de este Tribunal. A pesar de las oportunidades concedidas, estamos obligados a imponer la más severa de las sanciones por una conducta que es teme-raria y que constituye un desafío a nuestra jurisdicción disciplinaria.
I
El Ledo. Luis C. Fidalgo Córdova (licenciado Fidalgo Córdova) fue admitido al ejercicio de la abogacía el 6 de agosto de 2002. Se han presentado varias quejas contra éste, las que procedemos a consolidar y resumir a continuación.

Queja Núm. AB-2009-298 de 2 de diciembre de 2009 ins-tada por el Sr. Onofre Jusino

En esta queja, el señor Jusino alegó que, conjuntamente con su hermano Ricardo David Jusino Rosario, contrató los servicios del licenciado Fidalgo Córdova para que lo repre-sentara en una reclamación judicial instada para febrero de 2008 contra el Hospital Auxilio Mutuo, su compañía de seguros y otros (Caso Civil Núm. KDP08-0254). También alegó que desde entonces y hasta el presente ha estado solicitando a través de llamadas telefónicas, cartas y co-rreos electrónicos al licenciado Fidalgo Córdova que le in- *219 forme sobre el status del caso y que éste ha hecho caso omiso a sus reclamos. A finales de mayo de 2008, en una de las muchas veces que el señor Jusino llamó al licenciado Fidalgo Córdova, lo consiguió y este último le explicó que el caso estaba muy bien, que no se preocupara. El 5 de junio de 2008 acudió a la Secretaría del tribunal y, al examinar el expediente del caso, se percató que, entre otras cosas, el tribunal lo había sancionado por no comparecer a una vista señalada para el 7 de mayo de 2008, cuyo señalamiento el señor Jusino desconocía. Se personó inmediatamente a la oficina del licenciado Fidalgo Córdova y le señaló verbal-mente y por escrito lo que había encontrado en el expe-diente de su caso en el tribunal.
El 4 de marzo de 2009 el señor Jusino visitó sin cita la oficina del licenciado Fidalgo Córdova y del Ledo. Iván Sánchez Limardo, y este último le informó que ya el licen-ciado Fidalgo Córdova no compartía oficina con él desde octubre de 2008. Por lo tanto, indica el quejoso que el licen-ciado Fidalgo Córdova no le había notificado el cambio de dirección y que desconocía si lo había notificado al tribunal de instancia o a este Tribunal. Debido a la falta de comu-nicación con el licenciado Fidalgo Córdova, el 18 de octubre de 2009 recibió una notificación del tribunal de instancia en la que se desestimaba la demanda que había presentado por incumplimiento de una orden previa del tribunal, or-den que el señor Jusino desconocía.
El quejoso alegó, además, que el 26 de octubre de 2009 envió al licenciado Fidalgo Córdova una comunicación en la que solicitaba su renuncia al caso y la devolución de $2,500 que le pagó para la contratación de la Dra. Claudia Lorenzo como perito médico y $2,500 que le pagó como de-pósito por los honorarios. Al 2 de diciembre de 2009, el licenciado Fidalgo Córdova no había renunciado ni de-vuelto el dinero pagado. También informó que el licenciado Fidalgo Córdova entregó el expediente incompleto, pues falta parte de la prueba documental.
*220 Presentada la queja el 2 de diciembre de 2009, ordena-mos en dos ocasiones al licenciado Fidalgo Córdova que contestara, a saber, el 23 de diciembre de 2009 y el 4 de febrero de 2010. La correspondencia fue devuelta a este Foro. Reiteramos nuestro requerimiento el 17 de marzo y el 12 de mayo de 2010, y apercibimos al licenciado Fidalgo Córdova que su incumplimiento con lo ordenado conlleva-ría sanciones disciplinarias severas, incluyendo la suspen-sión del ejercicio de la profesión. La Resolución de 12 de mayo de 2010 se notificó personalmente el 16 de jimio de 2010. No obstante, el licenciado Fidalgo Córdova no ha comparecido.
Las direcciones a las que se le remitieron los documen-tos relativos a esta queja fueron: (1) P.O. Box 192897, San Juan, P.R. 00919-2897 (23 de diciembre de 2009 y 4 de febrero de 2010, ambas devueltas por “Unclaimed”), y (2) P.O. Box 192377, San Juan, P.R. 00919-2377 (17 de marzo y 12 de mayo de 2010, la última devuelta por “Box Closed No Order”).

Queja Núm. AB-2010-209 de 13 de agosto de 2010 presen-tada por la Sra. Carmen G. Sierra Cabezudo

En esta queja, la señora Sierra Cabezudo alegó que con-trató los servicios profesionales del licenciado Fidalgo Cór-dova, por lo que procedió a pagarle la cantidad de $2,500. También señaló que el licenciado Fidalgo Córdova nunca cumplió con lo estipulado en el contrato y que no quiere devolverle el dinero ni los documentos; tampoco se ha comu-nicado con la quejosa ni atiende sus llamadas telefónicas. Además, el licenciado Fidalgo Córdova se mudó de la oficina y la quejosa no tiene forma de saber sobre su paradero.
Ordenamos en dos ocasiones al licenciado Fidalgo Cór-dova que contestara dicha queja, a saber, el 7 de septiem-bre de 2010 y el 10 de febrero de 2011. En ambas ocasiones la correspondencia fue devuelta a este Foro. Reiteramos nuestro requerimiento el 24 de marzo de 2010, y apercibi- *221 mos al licenciado Fidalgo Córdova que su incumplimiento con lo ordenado conllevaría sanciones disciplinarias seve-ras, incluyendo la suspensión del ejercicio de la profesión. Esta Resolución se notificó personalmente el 31 de marzo de 2011. No obstante, el licenciado Fidalgo Córdova no ha comparecido.
Las direcciones a las que se le remitieron los documentos relativos a esta queja fueron: (1) RO. Box 192377, San Juan, P.R. 00919-2377 (7 de septiembre de 2010, devuelta por “Box Closed”), y (2) P.O. Box 191735, San Juan, P.R. 00919-1735 (10 de febrero de 2011, devuelta por “Unclaimed”).

Queja Núm. AB-2010-312 de 13 de diciembre de 2010 ins-tada por el Sr. Alberto Torres Escobar

En esta queja, el señor Torres Escobar alegó que el 29 de noviembre de 2010, a eso de las 10:00 a.m. en el Tribunal Municipal de Trujillo Alto, el licenciado Fidalgo Córdova le dijo “cállate la boca” en forma arrogante y altanera, y que más adelante se le acercó para invitarlo a pelear diciendo “podemos resolver esto afuera”. El incidente surgió en pre-sencia del Ledo. Rafael Rivera Fuster, cuando el quejoso y el licenciado Fidalgo Córdova discutían en torno a las ale-gaciones a ser planteadas en una vista, mientras espera-ban a ser llamados.
Presentada la queja, ordenamos en dos ocasiones al li-cenciado Fidalgo Córdova que contestara, a saber, el 29 de diciembre de 2010 y el 20 de enero de 2011. En ambas ocasiones la correspondencia fue devuelta a este Foro. Rei-teramos nuestro requerimiento el 17 de marzo de 2011 y apercibimos al licenciado Fidalgo Córdova que su incum-plimiento con lo ordenado conllevaría sanciones disciplina-rias severas, incluyendo la suspensión del ejercicio de la profesión. Esta resolución se notificó personalmente el 31 de marzo de 2011. No obstante, el licenciado Fidalgo Cór-dova no ha comparecido.
*222 Las direcciones a las que se le remitieron los documen-tos relativos a esta queja fueron: (1) P.O. Box 191735, San Juan, P.R. 00919-1735 (29 de diciembre de 2010, devuelta por “Attempted - Not Known”), y (2) 1204 Villas del Seño-rial, San Juan, P.R. 00926 (20 de enero de 2011, devuelta por “Unclaimed”).
I — i I — I
El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado debe observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. In re García lucera, 177 D.P.R. 329 (2009); In re Colón Rivera, 165 D.P.R. 148 (2005). Hemos señalado reiteradamente que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el referido Canon 9. In re García lucera, supra; In re Maldonado Rivera, 147 D.P.R. 380 (1999). A su vez, hemos advertido que procede la suspensión del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. In re García lucera, supra; In re Lloréns Sar, 170 D.P.R. 198 (2007). Todo abogado tiene la ineludible obligación de responder diligentemente a los requerimientos de este Tribunal, independientemente de los méritos de la queja presentada en su contra. In re García lucera, supra; In re Rodríguez Bigas, 172 D.P.R. 345 (2007).
Hemos expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y apoyo de la ciudadanía, se extiende no solo a la *223 esfera de la litigación de causas, sino a la jurisdicción dis-ciplinaria de este Tribunal. In re García Incera, supra.
i — I HH ] — I
El licenciado Fidalgo Córdova ha incumplido con nues-tros requerimientos en innumerables ocasiones, a pesar de haber sido apercibido de que podría imponérsele sanciones disciplinarias severas, incluyendo la suspensión del ejerci-cio de la profesión. Un análisis del voluminoso expediente del licenciado Fidalgo Córdova refleja de manera meri-diana que su conducta es temeraria y constituye un desafío a nuestra jurisdicción disciplinaria.
Todo lo relatado denota una falta de diligencia crasa y un alto grado de indiferencia ante nuestros apercibimien-tos de sanciones disciplinarias. La conducta del licenciado Fidalgo Córdova representa una falta de respeto hacia los tribunales.
IV
Por los fundamentos antes expuestos, se suspende in-mediata e indefinidamente al Ledo. Luis C. Fidalgo Cór-dova del ejercicio de la abogacía. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios re-cibidos por trabajos no realizados e informar oportuna-mente de su suspensión a los distintos foros judiciales y administrativos del país. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del tér-mino de treinta días a partir de la notificación de esta opi-nión per curiam y Sentencia. Notifíquese personalmente esta opinión per curiam al Ledo. Luis C. Fidalgo Córdova a través de la Oficina del Alguacil de este Tribunal.

Se dictará sentencia de conformidad.