EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Ex Parte<br><br><br><br>Ignacio Galarza Rodríguez | 2011 TSPR 175<br><br><br>183 DPR ____ |

Número del Caso: TS-6210


Fecha: 24 de octubre de 2011


Materia: Conducta Profesional- La suspensión será efectiva una vez advenga final y firme la Sentencia conforme a la Regla 45 del Reglamento del Tribunal Supremo.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ex Parte

    Ignacio Galarza Rodríguez

                    TS-6210

*PER CURIAM*

San Juan, Puerto Rico, a 24 de octubre de 2011.

En el día de hoy, nuevamente nos encontramos en la necesidad de ejercer nuestra facultad disciplinaria contra un miembro de la profesión legal por su incumplimiento con los requerimientos de este Tribunal. A pesar de las oportunidades concedidas, nos vemos en la obligación de imponer la más severa de las sanciones por una conducta que es temeraria y constituye un desafío.

I

El Lcdo. Ignacio Galarza Rodríguez, fue admitido al ejercicio de la abogacía el 1 de noviembre de 1978 y a la Notaría el 26 de enero de 1979.

La Lcda. Yanis Blanco Santiago, Directora Ejecutiva del Programa de Educación Jurídica Continua (en adelante PEJC), de este Tribunal, nos ha remitido una Resolución de la Junta de Educación Jurídica Continua del 15 de febrero de 2011. En dicha Resolución la Junta de Educación Jurídica Continua tomó la determinación de referir ante la consideración de este Tribunal aquellos abogados y abogadas cuyo periodo bienal de cumplimiento con el Reglamento del Programa de Educación Jurídica Continua del 2005 finalizó en diciembre del 2008 sin que dichos letrados hubieran cumplido con los requisitos de tomar veinticuatro (24) créditos durante el término mencionado.

En dicha Resolución la Junta de Educación Jurídica Continua nos informó que el licenciado Ignacio Galarza Rodríguez no había cumplido con dichos requisitos reglamentarios y que tampoco había comparecido por escrito ni en persona a la vista a la que fue citado para explicar las razones por su incumplimiento. Examinada dicha Resolución, le concedimos al Lcdo. Ignacio Galarza Rodríguez un término de veinte (20) días para que mostrara causa, si alguna tuviere, por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con los requisitos de educación jurídica continua del Reglamento de este Tribunal y por no contestar los requerimientos de la Junta de Educación Jurídica Continua.

En dicha Resolución apercibimos al Lcdo. Ignacio Galarza Rodríguez que su incumplimiento con los términos de la misma conllevaría su suspensión automática del ejercicio de la abogacía.

No obstante, y ante su incomparecencia, el 20 de junio de 2011 le concedimos al licenciado Galarza Rodríguez un término adicional de veinte (20) días para cumplir con la Resolución de 12 de abril de 2011. Le apercibimos, nuevamente, que su incumplimiento podría conllevar la imposición de sanciones disciplinarias incluyendo la suspensión inmediata del ejercicio de la abogacía. Dicha Resolución fue notificada personalmente. El licenciado Galarza Rodríguez ha incumplido con el petitorio cursado.

II

El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. *In re García Incera,* 177 D.P.R. 329 (2010); *In re Colón Rivera*, 165 D.P.R. 148 (2007). Reiteradamente hemos señalado que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los

tribunales e infringe el Canon 9. *In re García Incera, supra; In re Maldonado Rivera*, 147 D.P.R. 380 (1999). A su vez, hemos advertido que procede la suspensión del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. *In re García Incera, supra; In re Ríos Rodríguez*, 172 D.P.R. 1075 (2007); *In re Lloréns Sar*, 170 D.P.R. 198 (2007).

Aun cuando apercibimos al licenciado Galarza Rodríguez de que podrían imponérsele sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión, este ha hecho caso omiso.

## III

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende indefinidamente del ejercicio de la abogacía y la notaría al licenciado Galarza Rodríguez. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, dentro

del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por último, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del licenciado Galarza Rodríguez y entregarla a la Oficina de la Directora de Inspección de Notaria para la correspondiente investigación e informe.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ex Parte

    Ignacio Galarza Rodríguez

                      TS-6210

*SENTENCIA*

San Juan, Puerto Rico, a 24 de octubre de 2011.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende indefinidamente del ejercicio de la abogacía y la notaría al licenciado Galarza Rodríguez. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por último, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del licenciado Galarza Rodríguez y entregarla a la Oficina de la Directora de Inspección de Notaria para la correspondiente investigación e informe.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo