per curiam:
Hoy nos encontramos nuevamente en la ne-cesidad de ejercer nuestra facultad disciplinaria contra un miembro de la profesión legal por su incumplimiento con los requerimientos de este Tribunal. A pesar de las oportu-nidades concedidas, nos vemos en la obligación de imponer la más severa de las sanciones por una conducta temeraria y desafiante.
I — I
El Ledo. Ignacio Galarza Rodríguez fue admitido al ejer-cicio de la abogacía el 1 de noviembre de 1978 y a la nota-ría el 26 de enero de 1979.
La Leda. Yanis Blanco Santiago, directora ejecutiva del Programa de Educación Jurídica Continua (PEJC) de este Tribunal, nos remitió una Resolución de la Junta de Educa-ción Jurídica Continua de 15 de febrero de 2011. En dicha Resolución la Junta de Educación Jurídica Continua tomó la determinación de referir a este Tribunal a los abogados y las abogadas cuyo periodo bienal de cumplimiento con el Reglamento del Programa de Educación Jurídica Continua de 2005 finalizó en diciembre del 2008 sin que dichos letra-dos hubieran cumplido con los requisitos de tomar veinti-cuatro (24) créditos durante el término mencionado.
En dicha Resolución, la Junta de Educación Jurídica Continua nos informó que el licenciado Ignacio Galarza Rodríguez no había cumplido con dichos requisitos regla-mentarios y que tampoco había comparecido por escrito ni en persona a la vista a la que fue citado para explicar las razones por su incumplimiento. Examinada dicha Resolu-ción, concedimos al Ledo. Ignacio Galarza Rodríguez un término de veinte (20) días para que mostrara causa, si tuviese alguna, por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con los requisitos de educación jurídica continua del Regla- *230 mentó de este Tribunal y por no contestar los requerimien-tos de la Junta de Educación Jurídica Continua.
Apercibimos al Ledo. Ignacio Galarza Rodríguez que su incumplimiento con los términos de la misma conllevaría su suspensión automática del ejercicio de la abogacía. No obstante, y ante su incomparecencia, el 20 de junio de 2011 le concedimos al licenciado Galarza Rodríguez un término adicional de veinte (20) días para cumplir con la Resolu-ción de 12 de abril de 2011. Le apercibimos, nuevamente, que su incumplimiento podría conllevar la imposición de sanciones disciplinarias, incluyendo la suspensión inme-diata del ejercicio de la abogacía. Dicha Resolución fue no-tificada personalmente. El licenciado Galarza Rodríguez ha incumplido con el petitorio cursado.
HH h — I
El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado debe observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. In re García lucera, 177 D.P.R. 329 (2009); In re Colón Rivera, 165 D.P.R. 148 (2005). Hemos señalado reiteradamente que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el referido Canon 9. In re García lucera, supra; In re Maldonado Rivera, 147 D.P.R. 380 (1999). A su vez, hemos advertido que procede la suspensión del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. In re *231 García Incera, supra; In re Ríos Rodríguez, 172 D.P.R. Ap. (2007); In re Lloréns Sar, 170 D.P.R. 198 (2007).
Aun cuando apercibimos al licenciado Galarza Rodrí-guez de que podrían imponérsele sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profe-sión, este ha hecho caso omiso.
HH I — I HH
Por los fundamentos expuestos en la opinión per curiam que antecede, la cual se hace formar parte de la presente Sentencia, se suspende indefinidamente del ejercicio de la abogacía y la notaría al licenciado Galarza Rodríguez. Se le impone el deber de notificar a todos sus clientes de su in-habilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realiza-dos e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta opinión per curiam y Sentencia.
Por último, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del licenciado Galarza Rodríguez y entregarlos a la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará Sentencia de conformidad.